WILLIE MADISON v. STATE

189 So. 832
Division A
Opinion Filed June 6, 1939
Rehearing Denied June 28, 1939

*John J. Moore,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment

of conviction of murder in the first degree and sentence to death by electrocution.

Plaintiff in error presents five (5) questions for our consideration, which are as follows:

"First. Is there any evidence contained in the record which shows a sufficient premeditated design to kill to authorize a verdict of guilty of murder in the first degree?"

"Second. When a man is on trial for his life and has but one witness for his defense and this witness is attacked on general bad character by four officers of the court, should not the court under such circumstances, have permitted the defendant to show that the witness did not voluntarily appear as a witness; that the facts known to such witness and which were considered beneficial to the defendant, were not voluntarily made known to the defendant by such witness but were brought to him by a third person without the knowledge or consent of such witness?"

"Third. In a trial for murder in the first degree and while the defendant is testifying in his own behalf, should the court have permitted the State on cross-examination, by persistent leading questions and over the objection of the defendant and after the defendant had admitted that he had been convicted of crime; to show that he had been convicted of the specific crime of breaking and entering and had been sentenced to the penitentiary?"

"Fourth. During a trial on a charge of first degree murder should the court have permitted counsel for the State in his argument to the jury to make the statement, 'That the defendant had been sent to the penitentiary from this county,' over the objections of counsel for the defense and fail to purge or otherwise withdraw the same from the consideration of the jury on motion of defense counsel?"

"Fifth. In a trial of the defendant on a charge of first

degree murder should the court have used the word 'testimony' throughout his entire charge to the jury instead of the broader word evidence?"

The first question may be disposed of by saying that we have carefully considered the evidence and find it ample to sustain the verdict.

The second question is without merit, because it is immaterial whether a witness is a voluntary witness on behalf of either party or is a witness brought in under subpoena. The material consideration for the jury was the weight of evidence and credibility of the witness. The question is not the manner or method by which the witness is brought into court but it is for the jury to determine the opportunity of the witness to have information concerning the facts about which the witness testifies, the manner and demeanor of the witness on the stand and the reasonableness or unreasonableness of the statements made by the witness.

The third question finds its answer in the statutes and in the decisions of this Court. Section 2706 R. G. S., 4373 C. G. L., provides as follows:

"No person shall be disqualified to testify as a witness in any court of this State by reason of conviction of any crime except perjury, but his testimony shall be received in evidence under the rules, as any other testimony: Provided, however, evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed witness, or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility."

In Martin v. State of Florida, 86 Fla. 616, 98 Sou. 827, it was said:

"Under Section 2706, Revised General Statutes, a 'pro-

posed witness' may be questioned as to his conviction of crime, and if he denies such conviction the record of his conviction may be produced to establish the fact. This is allowable as affecting the credibility of the proposed witness. Prior to 1901, Chapter 4966, persons who had been convicted of certain crimes were not competent witnesses. After the passage of that Act no person was disqualified to testify as a witness by reason of having been convicted of any crime except perjury; but conviction of crime could be shown to affect the credibility of the proposed witness.

"In the case of Washington v. State, decided at this term of the court, we said that it was unnecessary to press the inquiry upon the defendant who had taken the stand in his own behalf to the point where he is required to disclose the character of the offense for which he was formerly convicted. In that case we held the question to be harmless, however, because there was neither doubt as to the slayer nor motive for the act which the admission of former conviction of a certain crime might tend to clear away. So in this case, while the question was unnecessary, it was not necessarily harmful, even if it was technically erroneous. This Court has since the passage of Chapter 4966, Acts of 1901, seemingly approved a question directed to the defendant as a witness which sought to elicit the information that he had been previously convicted of a crime of the same character as the one for which he was then on trial. See Herndon v. State, 72 Fla. 108, 72 South. Rep. 833. But that point was not the one under consideration. The defendant in that case was tried for perjury for having falsely answered a question, during his trial for larceny, as to his conviction in another State of the crime of larceny.

"The statute of 1901, above referred to, merely removed the common law restrictions upon a witness' competency so

far as' the conviction of crime rendered him incompenent and recognized the generally accepted truth that one who has been convicted of crime is not, however, entitled to the same credit as one without a criminal record. Under the old statute, Sec. 1096, Revised Statutes, 1892, manslaughter was not one of the crimes which disqualified one who had been convicted of such offense from becoming a witness. And in the absence of Section 2706, Revised General Statutes, or some similar provision, it would be doubtful if a witness could be questioned as to his conviction of such an offense merely to affect his credibility. But the Act of 1901, carried into the Revised General Statutes as Section 2706, almost completely removed the restrictions imposed by the prior act both as to competency and credibility as affected by former conviction of crime."

In this case the record shows the following to have occurred while the defendant was on the stand as a witness in his own behalf:

"Q. Ever been convicted?

"A. Yes, sir.

"Q. Convicted of breaking and entering?

"A. Yes, sir.

"Mr. Moore: I object to that. I don't think they have any right to put the defendant's—they can't put the reputation of the defendant in evidence.

"The Court: Objection overruled. (Exception noted for the defendant.)

"Mr. Sumner:

"Q. You were convicted in this county for breaking and entering, were you not?

"A. Yes, sir.

"Q. And sentenced to the pen?

"A. Yes, sir."

It appears to us that this testimony was not harmful to

the defendant. It did not show, or tend to show, that the defendant had been convicted of an offense like that for which he was being tried. Therefore, it did not tend to show the inclination of the defendant to commit such acts as that for which he was then being prosecuted. Neither did it tend to show a general bad reputation. There was no effort on the part of the State to bring out any of the details of the offense for which the defendant had been formerly convicted.

The purpose of the statute is that a former conviction may be shown for the purpose of affecting the credibility of the witness and it seems to us that it would be an injustice to preclude a defendant from giving testimony as to what crime he had been convicted of. If the evidence of conviction is admissible only for the purpose of affecting the credibility of the witness then the jury should know something of the nature of the offense for which he was convicted. Certainly his credibility would not be as much affected by evidence of conviction of aggravated assault as it would be by the evidence of conviction of uttering a forged instrument. In other words, the more heinous the offense the greater would be the effect of the former conviction on the credibility of the witness.

The fourth question may be answered by saying that inasmuch as the statute authorizes the proof of the prior conviction of a witness for the purpose of discrediting the credibility of his testimony, it is not reversible error for the prosecuting attorney to comment on the fact of the former conviction in discussing the credibility of the witness.

The fifth question is without merit. The charges when read show that the court used the words "testimony" and "evidence" interchangeably. While the two words are not synonymous because there is a difference between "testimony" and "evidence" (*testimony* is found in the spoken

words of witnesses, while the *evidence* includes not only the spoken words of witnesses but documents and other exhibits which may properly be submitted to the jury), they are often used interchangeably.

The word "testimony" as used by the trial judge instructing the jury could reasonably have resulted in no harm or prejudice to the defendant.

For the reasons stated, the judgment is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BROWN, J., dissents in part.

THOMAS, J., disqualified because he tried case in lower court.

BROWN, J. (dissenting in part)—I agree with the opinion of Mr. Justice BUFORD that no errors were committed in the trial of this case, but I am not so sure as to the ruling on the motion for new trial, one of the grounds of which was that there was not sufficient evidence to show a premeditated design to kill. The defendant testified that the deceased attacked him with a knife and cut him in the arm and on the wrist before he cut the deceased. The State's testimony shows that defendant had a knife wound through the fleshy part of the arm and a slight knife wound in the back of the wrist or hand. This testimony of the State's physician—witness in this regard—tended to corroborate the testimony of the defendant and was not explained away by any other evidence. Taking the evidence as a whole, I do not think it sufficient to support a death-penalty verdict.