### JOE WATTS v. STATE OF FLORIDA

34 So. (2nd) 429                                      January Term, 1948
March 5, 1948                                              Division A

*Lloyd Bass,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Joe Watts, was informed against in the Criminal Court of Record of Orange County, Florida, in two counts. The first count charged the appellant Watts with breaking and entering a described building situated in Orange County on March 19, 1947, the building entered being the property of John L. Hoover. It is charged that he broke and entered the building with the intent to commit a felony, to-wit, grand larceny. The second count charged Watts with the crime of grand larceny in that he unlawfully took personal property of John L. Hoover of the value of $1,095.01. The appellant was placed upon trial on the information and was by an Orange County jury convicted under count two of the crime of grand larceny but was found not guilty as to count one, which charged breaking and entering a building with the intent to commit a felony, to-wit, grand larceny. From a judgment and sentence of four years in the State Prison at hard labor imposed under count two an appeal has been perfected here.

It developed during the progress of the trial, as reflected by the record, that the store of John L. Hoover, situated near the City of Orlando, was broken into on the night of March 19, 1947, and several cases of whiskey taken therefrom valued at a sum of more than one thousand dollars. The whiskey was easily identified by names appearing on the paper wrappers about the whiskey. A portion of the whiskey was later

taken from a garage at the home of a state witness, Jimmy Fekany, situated about four blocks from the store alleged to have been unlawfully entered. The whiskey taken from the garage was returned to the owner and Jimmy Fekany testified for the State he paid the appellant $368.00 for the whiskey at his (Fekany's) home about 3:00 or 4:00 o'clock A. M. March 19, 1947. It was delivered to him by the appellant and placed in the garage. Jimmy Fekany identified the appellant and the automobile that the whiskey was transported in, but two other men in the car with the appellant were unknown to him. The appellant in his testimony denied the taking of the whiskey and stated that at the time the store was entered he was in the City of Jacksonville. He testified that he and the state witness, Jimmy Kekany, had had some trouble and were not on good terms.

The record discloses that the appellant took the witness stand and testified in his own behalf and was cross examined by the County Solicitor. Some of the questions propounded were objected to by counsel for appellant and presented to the trial court for a ruling and the objections so made were overruled and denied by the trial court. It is contended here that the following proceedings constitute reversible error:

"GROSS EXAMINATION. BY MR. ELLARS: Q. Have you ever been convicted of an offense? MR. MURRELL: I object to that as being highly improper, we haven't put his reputation in issue. THE COURT: Overruled. Exception noted. A. Yes. Q. How many times? MR. MURRELL: I object to that. THE COURT: Overruled. Exception noted. A. Yes, sir, I have been convicted of crime. Q. Do you remember how many times? A. Yes, twice. Q. When? Mr. MURRELL: I object to that, as being irrelevant and immaterial, and highly prejudicial to the rights of the defendant. THE COURT: I think it is limited to asking him whether he has ever been convicted and what for. That's all. (Exception). Q. Do you remember what for? A. Yes, sir. Q. What for? A. I wrote about a $14.00 check the first time and I got six months for that in Georgia, and I served that. Q. Weren't there three of those checks? A. Yes, but they only gave me six months for the whole business. MR. MURRELL: I object

to any further testimony along this line. THE COURT: Overruled. Exception noted. Q. What was the other offense for? A. Unarmed robbery, my wife and baby were hungry back in 1939, I couldn't get a job, and I went out and took $10.00 from a whiskey store, the man gave me change for $10.00, you know how they deliver it to you, I called up and said 'Send me change for $10.00,' I got six years for that. Q. How long have you been living in Orlando? A. I haven't lived in Orlando. I have lived in Winter Park. Q. How long have you been living there? A. For the past—up until I left, something just a little over a year. Q. About a year ago? A. I went there in December, 1945, and I left there in January, 1947. That's about thirteen months."

Counsel for appellant contends that certain arguments made to the jury by the County Solicitor were not justified by the record and were prejudicial to the right of the appellant, but we do not find them to have been so prejudicial as to warrant reversal on that ground.

The first question posed here for adjudication by counsel for appellant is viz: Where a defendant in a criminal case took the stand and testified in his own behalf and on cross examination admitted that he had been previously convicted of crime, was it permissible under Section 90.08, F.S.A., and adjudications, to allow the inquiry to go so far as to disclose the details of the crime for which the defendant was convicted as reflected by the above quoted portions of the record?

Section 90.08 Supra provides that no person shall be disqualified to testify as a witness in any court of this State by reason of conviction of any crime except perjury, but his testimony shall be received in evidence under the rules as any other testimony, provided however evidence of such conviction may be given to affect the credibility of the said witness; and such conviction may be proved by questioning the proposed witness or, of he denies it, by producing a record of his conviction . . . Our adjudications disclose that we have considered and ruled upon many cases brought to this Court in which it was contended that the above statute was violated.

It must be observed that the appellant (defendant below) was on trial under two counts of an information (1) breaking

272

and entering a building with the intent to commit a felony, to-wit, grand larceny; and (2) grand larceny. The appellant was qualified under Section 90.08 supra to testify as a witness in his own behalf and the testimony as given would be received and considered along with other testimony. The staute authorizes that evidence of a conviction (of crime) may be given to affect the credibility of the witness by questioning the witness and that such conviction may be proved by questioning the proposed witness or if denied then by producing a record of his conviction.

In the case of Martin v. State, 86 Fla. 616, 98 So. 827, when considering a similar assignment we held that it is not a question of *what* crime a witness may have committed and for which he has been convicted, but whether he had been convicted of any crime. If he has a criminal record, the theory of the statute is that it would affect his credibility although it does not affect his competency unless the crime was perjury. It will be observed that under this rule the following testimony was improper: "Q. For what? A. I wrote about a $14.00 check the first time and I got six months for that in Georgia and I served that. Q. Weren't there three of those checks? A. Yes, but they only gave me six months for the whole business."

In the case of Washington v. State, 86 Fla. 519, 98 So. 603 we in part said that "it was erroneous and unnecessary to press the inquiry as to the conviction of crime to the point where the particular offense was named; because such course seems to be for a purpose different from that on which the question is allowable as to a witness' former conviction of crime. It is to discredit him as a witness, but to press the inquiry as to the character of the particular crime that it may be shown to be of a similar character to that for which he is being tried is to use the rule for an improper purpose and to secure for the State an advantage which it does not desire." We do not overlook our holdings in Wilson v. State, 134 Fla. 199, 183 So. 748; Madison v. State, 138 Fla. 467, 189 So. 832; Collins v. State, 155 Fla. 141, 19 So. (2nd) 718.

Counsel for appellant contends that the evidence adduced is legally insufficient to sustain a conviction of the appellant

under count two of the information. We have repeatedly held that disputes and conflicts in the evidence are for a jury under appropriate instructions and this Court cannot substitute its judgment and conclusion on the facts in issue for that of the jury. For the error committed it is our duty to reverse the judgment and award a new trial.

Reversed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.