**FREDERICK D. STEESE v. STATE OF FLORIDA**

36 So. (2nd) 212
June 22, 1948

June Term, 1948
Division A

*Waybright & Waybright,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

SEBRING, J.:

The appellant was tried and convicted in the Criminal Court of Record of Orange County, Florida, for the crime of

bigamy. An important element in the case was whether or not a paper writing produced by the appellant purporting to be a certified copy of a final decree of divorce from a former wife was genuine or forged. During the course of the trial the prosecuting attorney, over proper objection, was permitted to ask the appellant on cross examination, and the appellant was required to answer, whether or not he had ever been convicted of crime, and if so, the character or nature of the crime of which he had been convicted. The answer of the appellant, which he was required to make despite objections made by him, was that he had been convicted of forgery and for "obtaining money under false pretenses, or various allied misdemeanors." The appellant has taken an appeal from the judgment and sentence and has assigned as error the action of the trial judge in overruling the objections to the questions propounded on cross examination and requiring the appellant to answer.

The judgment appealed from must be reversed and a new trial awarded upon the ground of appeal assigned. While a defendant in a criminal case who has taken the witness stand in his own behalf may be questioned on cross examination as to whether or not he has ever been convicted of crime, the cross examination may not be pressed to the extent, if the accused admits to previous convictions, of requiring him to disclose the particular crimes of which he has been convicted, unless the previous convictions have been for the crime of perjury. See Watts v. State, (Fla.) 34 So. (2nd) 429.

The judgment appealed from should be reversed and a new trial awarded.

It is so ordered.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.