86 So.2d 773 (1956)
Ralph MEAD, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
April 11, 1956.
Martin & Martin, Plant City, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was convicted of grand larceny, was adjudged guilty of that crime, and was sentenced to serve five years in the State penitentiary. He maintains here that error committed in his trial was so prejudicial that he should be tried anew. We will discuss and decide in the order in which they are argued in his brief the first two questions he presents for our decision.
*774 When the appellant was testifying in his own behalf he was asked, by his attorney, if he had "ever been convicted" and replied that he had "been convicted in the military service." Immediately the county solicitor began the cross-examination of the appellant he persistently questioned him with reference to the relative periods the appellant had spent in the "guard house" and in performing his duties as a soldier. His counsel persistently objected to the questioning and the court consistently overruled the objections. All this testimony, insists the appellant, was irrelevant and immaterial, and all the rulings admitting it constituted reversible error.
Of course, once the appellant became a witness he could be examined the same as any other witness about matters that would illuminate the quality of his testimony, and in the process he could be properly asked about former convictions of "crime." Sec. 90.08, Florida Statutes 1953, and F.S.A. Evidence of conviction of other crimes might affect the credit the jury would give his story, Martin v. State, 86 Fla. 616, 98 So. 827, cited in Watts v. State, 160 Fla. 268, 34 So.2d 429. It is the rule that a witness may be asked if he has been convicted of crime but the inquiry must stop there unless he denies the conviction, in which case the opposing party may produce the record of conviction. In any event the matter may not be pursued to the point of naming the crime when the defendant admits it, for such a course would result in an abuse of the rule to the disadvantage of the defendant. Washington v. State, 86 Fla. 519, 98 So. 603. However, it is proper for a defendant on his own account to state the nature of the crime of which he was convicted because the effect upon his testimony might vary according to the severity of the offense. Madison v. State, 138 Fla. 467, 189 So. 832.
In the instant case the initial question was asked by the appellant's attorney, instead of the county solicitor, and the question was incomplete. The appellant was not asked if he had been convicted of crime, but simply if he had been convicted  we might add  of something or other. If a person has been `convicted' it does not follow that he has been convicted of "crime", and in the present case any replies showing a comparison of the periods defendant was languishing in the guard house and performing the duties of a soldier would not establish his conviction of crime. Incarceration in the guard house might have been imposed for infractions of minor nature. And certainly even evidence of confinement in jail before trial is completely beside the point for many persons spend time in jail who are ultimately found not guilty. The course of questioning followed by the county solicitor was not proper under the theory that it would aid the jury in weighing the appellant's testimony by showing that he had been convicted of crime.
The State now argues that the statute we have cited was authority for the examination. We think not. In our opinion the inquiry went afield to the prejudice of the appellant and it could not be justified on the theory that inasmuch as the appellant introduced the subject of his service in the army, the State could examine him fully on the subject and take advantage of the privilege by emphasizing the time spent by him in the guard house. By answering the original question, the appellant did not put his character in evidence and invite an assault upon it by means of the cross-examination.
The next question is a challenge of the charge defining the offense for which the appellant was being tried, namely, grand larceny. The judge charged the jury that the appellant was alleged to have taken certain property of the value of more than $50 and that it was "not necessary, however, that [they] believe, or the State to prove that he stole wire of that amount or that value." The judge added: "You must believe that he stole some and that it had some value, and if you believe he did * * * steal any *775 [property] alleged in here, * * * then you would find him guilty. And then you will have a form of verdict and find the value of the property you believe to have been stolen." The jury returned a verdict of guilty as charged in the first count  the crime there described was grand larceny  and specified that the value of the property stolen was "$51.00 or more."
We agree that the definition of the crime contained in the charge was incomplete because it did not include the element of value prescribed in the statute, that is, that if the property taken is of the "value of fifty dollars or more, [the defendant] shall be deemed guilty of grand larceny * *." Sec. 811.01, Florida Statutes 1953, and F.S.A. And we are aware of the rule that when the trial judge attempts to define a crime he must acquaint the jury with all its essential elements. Croft v. State, 117 Fla. 832, 158 So. 454. Though it would have been better for the judge to state what value would constitute a taking petit and what grand larceny, when we consider that the judge charged the jury to fix the value of the property taken and that the jury did place the value at $51, we conclude that any deficiency in the definition became harmless error. Moreover the evidence supported the verdict that the value of the property taken was sufficient to make the theft grand larceny. Damico v. State, 153 Fla. 850, 16 So.2d 43.
We have examined the appellant's two remaining questions and have found them unsubstantial.
For the reasons given, the judgment is reversed and the case is remanded for retrial.
Reversed.
DREW, C.J., and ROBERTS and THORNAL, JJ., concur.