107 So.2d 770 (1958)
Raymond LOCKWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 762.
District Court of Appeal of Florida. Second District.
December 19, 1958.
Rehearing Denied January 7, 1958.
*771 Chesley V. Morton, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Irving B. Levenson, Asst. Atty. Gen., for appellee.
ALLEN, Judge.
This is an appeal from the judgment and sentence in a robbery case. The sole question involved is whether the trial court ruled properly in permitting State to prove certain criminal convictions during the course of defendant's trial. Defendant appeals.
Defendant was charged with robbery, and during the trial, on cross-examination of defendant, the following occurred:
"Q. Have you ever been convicted of a crime in a Criminal Court of Records? A. Yes.
"Q. How many times? A. Once.
"Mr. Morton: I object.
"Q. (By Mr. Sandstrom) How many times? A. Once.
"Q. When was that?
"Mr. Morton: I object. It is irrelevant and immaterial. It is an improper question.
"The Court: Objection denied.
"Q. (By Mr. Sandstrom) When was that? A. I think it was when I was 16 years old, when it happened.
"Q. I said  when was that? A. I forget the vear it was.
"Q. If I say January 21st, 1954  would that be correct? A. It might be 1953 or 1954. It is one time. I ain't sure which one.
"Q. In fact, weren't you convicted twice in the meantime? A. No, sir.
"Q. As a matter of fact, weren't you convicted 
"Mr. Morton: I am going to object to this line of questioning. It is highly prejudicial and improper. He has asked a question and was allowed to ask it. I respectfully request the Court instruct the Jury to disregard it.
"The Court: I will reserve my ruling on it.
"Q. (By Mr. Sandstrom) Weren't you convicted of a crime on April 6th, 1957? A. They picked me up for questioning, but I didn't do it.

*772 "Q. I didn't ask you what happened. Weren't you convicted, and when I say convicted, it includes any plea of guilty of a crime on the 6th day of February, 1957. A. I haven't been arrested in 1957. They no more than picked me up and went down to talk to me. They did that all the time. They always did pick me up. Everytime something would go wrong they would pick me up and talk to me."
Subsequently, on rebuttal, State proved that defendant was convicted of two charges on January 21, 1954 and one on February 6, 1957.
Defendant argues that the trial court improperly permitted the questions above quoted and the proof of the mentioned convictions by State during rebuttal. This, defendant contends, destroyed his presumption of innocence and requires a new trial.
State takes the position that the procedure attacked by defendant was proper under Section 90.08, Fla. Stat. 1957, F.S.A., and cases interpreting said section, which reads as follows:
"Witnesses; conviction of other crimes as disqualification. No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime except perjury, but his testimony shall be received in evidence under the rules, as any other testimony; provided, however, evidence of such conviction may be given to affect the credibility of the said witness, and that such conviction may be proved by questioning the proposed witness, or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility."
Normally a witness, whether a party to the particular cause or not, may not be impeached as to a collateral matter brought out on cross-examination. Stewart v. State, 1900, 42 Fla. 591, 28 So. 815; Stinson v. State, 1918, 76 Fla. 421, 80 So. 506. Neither may specific acts which reflect badly upon a party's morals or character be shown by extrinsic testimony. Cornelius v. State, Fla. 1950, 49 So.2d 332. However, by virtue of Section 90.08, supra, prior conviction of a crime may be shown to affect the credibility of a witness; and the statute applies to a defendant in a criminal proceedings who testifies on his own behalf as well as to any other witness. Mead v. State, Fla. 1956, 86 So.2d 773, 774.
In Mead v. State, supra, and cases therein cited, we find a rather clear-cut procedure to be followed by the State in cases such as the one we now have before us. When the defendant testifies on his own behalf, he may be asked whether he has ever been convicted of a crime. If he admits such conviction, assuming for the moment there was only one, the matter must stop at that point. If he denies such conviction, the State may, on rebuttal, put the record of the conviction into evidence and show that defendant is the person named in such record.
We emphasized, in the above generalization, that our imaginary defendant had been convicted of only one prior crime. In the present case, defendant had apparently been convicted three times prior to the charge here involved. However, a careful review of Florida decisions, though not revealing a case directly on point, indicates that a prosecutor may, after getting defendant to admit at least one prior conviction, ask how many times defendant has been convicted. Watts v. State, 1948, 160 Fla. 268, 34 So.2d 429; Collins v. State, 1944, 155 Fla. 141, 19 So.2d 718.
One incident occurred during State's presentation under Section 90.08, supra, that warrants comment if only to emphasize the care which must be exercised to comply with the rules above stated.
*773 After State had properly presented the record of defendant's prior convictions and testimony of a police officer who knew defendant to be the person named in such record, the following transpired during further questioning of the officer by the prosecutor:
"Q. (By Mr. Sandstrom) Now, with regard to these two charges, you stated you were familiar with them? A. I investigated the report of breaking and entering those places.
"Mr. Morton: Now, I move for a mistrial and I want a ruling on it.
"The Court: Your motion is denied.
"Mr. Morton: Exception.
"Q. (By Mr. Sandstrom) Don't say anything of what you did 
"The Witness: If I understood the question  it was whether I was familiar with the charges."
We cannot agree with defendant's motion for mistrial, as above quoted, though we do point out that, strictly speaking, the remark by the witness as to nature of his investigation was improper though not, in this case, prejudicial error. The proof of a prior conviction under Section 90.08, supra, is limited to the record of such conviction. Any description of the crime involved, not shown by such record, is improper. Mead v. State, supra, 86 So.2d 773, 774. That is, the best procedure is to let the record, alone, speak to show the conviction and to let the officer, or other proper witness, speak only to connect the defendant with the record.
Finding no prejudicial error in the record presented, we affirm the judgment and sentence from which defendant has appealed.
Affirmed.
KANNER, C.J., and SHANNON, J., concur.