305 So.2d 827 (1975)
James Daniel JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 74-18.
District Court of Appeal of Florida, Fourth District.
January 10, 1975.
*828 Louis R. Bowen, Jr., Public Defender, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, James Daniel Jones, appeals a judgment of conviction and sentence for robbery. We reverse.
Appellant-defendant, James Daniel Jones, was charged by information with the robbery of one Frederick Russell Lester. Trial was by jury. The jury found the defendant guilty of the robbery. The trial court entered judgment accordingly and sentenced the defendant to twenty-five years in prison. It is from this judgment and sentence that the defendant appeals.
During the trial of this cause, the defendant took the stand in his own behalf. Upon direct examination by the defense counsel, defendant testified that he had been convicted of a crime on three occasions. Then the defendant, after seeking clarification as to exactly what constituted a conviction, revised his testimony and indicated that he had been convicted only on one occasion.
On cross examination the prosecutor questioned defendant at length about the discrepancy in his testimony concerning the number of times he had been convicted of a crime. During this inquiry, the prosecutor elicited testimony that the defendant had been convicted of escape three or four times. Objection to the prosecutor's line of questioning raised by defense counsel was overruled by the trial court. The prosecutor then asked the defendant if he had been convicted of armed robbery. Defense counsel objected to the question. The court sustained the objection. A motion by the defense counsel for a mistrial was denied by the court. At the conclusion of all testimony, the trial court admonished the jury to disregard the prosecutor's questions to the defendant concerning specific prior convictions.
The question presented for our determination in this appeal is whether the trial court erred reversibly in denying the defendant's motion for a mistrial.
The law is well settled that when a defendant testifies on his own behalf, he may be asked if he has ever been convicted of a crime. Section 90.08, Florida Statutes. If he admits such conviction, he may be asked how many times he had been convicted. *829 If he denies the conviction, the opposing party may produce the record of conviction. In either event the inquiry must stop at that point. The matter may not be pursued to the point of naming the crime. Whitehead v. State, 279 So.2d 99 (Fla.App. 1973); Morton v. State, 205 So.2d 662 (Fla.App. 1968); Lockwood v. State, 107 So.2d 770 (Fla.App. 1959); Mead v. State, 86 So.2d 773 (Fla. 1956).
In the instant case, cross-examination of the defendant by the prosecutor elicited testimony that on three or four occasions the defendant had been convicted of escape. Then the prosecutor asked the defendant whether he had also been convicted of a robbery. Such inquiry into the specific crimes of which defendant had been convicted was clearly improper. The prosecutor's conduct was so harmful that its effect could not have been removed by the trial court's instruction to the jury to disregard the prosecutor's inquiry of defendant concerning specific prior convictions. The trial court erred reversibly in denying defendant's motion for a mistrial.
Accordingly, the judgment and sentence appealed herein is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
OWEN, C.J., concurs.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (specially concurring).
I concur in the opinion by Judge Cross. However, I would take this opportunity to point out that this is but another example of improper prosecutorial cross examination regarding the defendant's prior criminal record referred to in the concurring opinion in Harden v. State, Fla.App. 1974, 303 So.2d 679.