324 So.2d 684 (1976)
Arthaniel IRVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-232.
District Court of Appeal of Florida, Fourth District.
January 9, 1976.
Richard L. Jorandby, Public Defender, and Bruce Zeidel and Paul Herman, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
*685 WALDEN, Chief Judge.
This defendant appeals his conviction for attempted escape, claiming that during his trial he was improperly questioned as follows:
"Q... . [L]et me ask you this question: How many times have you been convicted of a crime?
"A. Well, three times.
"Q. Three times?
"A. Uhm hum.
"Q. You have been convicted of a crime three times?
"A. (Witness nods head.)
"Q. Do you mind if I refresh your memory a bit, sir? You say you have been convicted three times of a crime?
"A. Yes, sir.
"Q. Do you recall being convicted of an offense of larceny on March 10, 1955 and sentenced to the Industrial School?
"A. That's when Juvenile, sir.
* * * * * *
"Q. Let me ask you this question: Do you recall conviction in 1958 for pointing a deadly weapon?
"A. In '58?
"Q. Yes.
* * * * * *
"Q. Mr. Irvin, do you recall the July 31, 1958, in Harrisburg, Pennsylvania conviction of pointing a deadly weapon, and you were to serve the remainder of a five year indefinite sentence?
"A. No, sir.
* * * * * *
"Q. How about a 1962, June 24, to be exact, conviction in Pittsburgh, Pennsylvania, for the offense of burglary, sentence from one and a half to three years?
"A. Sir, if it please the court, I would like the Court to write Pennsylvania and write the State Correction Institution in Bradford. At that time, totally impossible to commit a crime, I was in jail in 1959 and got out 1964. I wish the Court to write Pennsylvania and write the State Correction Institution in Bradford and clarify this. They will tell you in 1962 I was still in the Penitentiary, I went there in 1959 and got out in 1964.
* * * * * *
"Q. That's three we found three convictions?
"A. I didn't have convictions, I didn't have no conviction of pointing a deadly weapon, and I did not go in '58.
"Q. How about in August 21, 1975 in Dolphin County Pennsylvania, where you were charged and convicted of larceny by employee and sentenced to eleven and a half to twenty-three months.
* * * * * *
"A. I was sentenced eleven and a half to twenty-two months, County time, a misdemeanor.
* * * * * *
"Q. Do you recall October 13, 1967 in Lancaster, Pennsylvania, attempted burglary and possession of burglary tools, and you were found guilty and given two to four years?
"A. Yes, sir.
* * * * * *
"Q... . Also, do you recall in June of 1972, June 23, to be exact, you were convicted for the offense of uttering and passing a forged check in Seminole County, Florida, *686 Circuit Court, Seminole County, Florida, and sentenced to twelve months in the County Jail?
"A. Yes, sir.
"Q. And do you also recall on the twelfth day of November, this year, you were adjudicated guilty and sentenced from six months to three years for the offense of buying, receiving and concealing stolen property in excess of one hundred dollars?
"A. Yes, sir.
* * * * * *
"Q. All right. Do you recall being arrested on the seventh day of June, this year?
"A. This year?
"Q. Yes. Excuse me, 1974, on the charge of buying receiving and concealing stolen property; do you remember being arrested on that?
"A. Yes, sir."
Defendant preserved an objection to this line of questioning. We hold the procedure adopted by the prosecution was in error.
It is plain that, if a witness denies the existence of past convictions, the prosecution may then proceed to impeach by producing a record of past convictions. Fla. Stat. § 90.08 (1973); McArthur v. Cook, 99 So.2d 565 (Fla. 1957):
"[T]he proper procedural approach is simply to ask the witness the straightforward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted." Id. at 567.[1]
Mead v. State, 86 So.2d 773 (Fla. 1956):
"It is the rule that a witness may be asked if he has been convicted of a crime but the inquiry must stop there unless he denies the conviction, in which case the opposing party may produce the record of conviction." Id. at 774.
There is no approval, however, of the type of questioning pursued by the prosecutor here. The witness here answered untruthfully about the number of past convictions; this would only open the door for the production of the defendant's past record, but in this case the record was never produced and entered into evidence. This is not tolerable, all precedent indicates that for a criminal defendant to be impeached by past convictions, the record of past convictions must be made a part of the record. The reason for this is clear; it would be highly improper if a prosecutor, upon receiving a negative answer to questions about past convictions, could read from an ostensibly official paper and ask defendant if he had been convicted of various and sundry crimes (which defendant might deny), while never entering an actual certified record of the defendant's former conviction into evidence.[2]
*687 We find the omission to have been harmful error. The questioning of defendant as to numerous specific offenses cast him in a light which necessarily affected jury evaluation of his claims on the escape charge. There being no proof that defendant's denials of certain of the past convictions were true or false, defendant was improperly and harmfully prejudiced, and must be granted a new trial.
Reversed and remanded.
OWEN and DOWNEY, JJ., concur.
NOTES
[1] We recede from Jones v. State, 305 So.2d 827 (4th DCA Fla. 1975) insofar as it indicates that the specific crimes of a defendant may not be named when he denies any past conviction. The fact that a past record of convictions may, upon defendant's denial, be put into evidence, of itself requires that the past crimes be identified. See Mead v. State, 86 So.2d 773 (Fla. 1956); Lockwood v. State, 107 So.2d 770 (2d DCA Fla. 1958).
[2] We do not believe that a "rap sheet," as it is commonly known, would suffice. Such a document is liable to inaccuracies and is not a certified document.