336 So.2d 1264 (1976)
Johnny M. GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1048.
District Court of Appeal of Florida, Fourth District.
September 3, 1976.
*1265 Richard L. Jorandby, Public Defender, and Arthur W. Gundling, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and J. Robert Olian, Asst. Atty. Gen., Miami, for appellee.
ALDERMAN, Judge.
The appellant appeals his conviction for robbery. The sole issue before us is whether the trial court committed reversible error in permitting the prosecution to cross-examine the accused as to the specific nature of crimes of which he had been previously convicted. We hold that the court did err.
On direct examination the defendant was asked by his own counsel if he had ever been arrested or convicted of a crime; he answered that he had not. On cross-examination, however, he admitted that he had been arrested "a few times" and that he had been convicted twice in New York. The defense objected when the prosecutor undertook to ask about the nature of the convictions, but the court overruled the objection.
THE COURT: Overruled. I think once he has denied the conviction, now he can ask him if, in fact, he was not convicted for a specific crime in New York State.
Q: What was the conviction in New York for or the convictions?
A: Well, I pleaded guilty for a robbery.
Q: And the other?
A: I believe they was both robberies. I'm not sure.
It is well-established that when a defendant in a criminal case takes the stand to testify, the prosecution may attempt to impeach his credibility as a witness by asking him if he has previously been convicted of any crime. Mead v. State, 86 So.2d 773, *1266 774 (Fla. 1956). The principle is established not only by case law but also by statute:
"No person shall be disqualified to testify as a witness ... by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of perjury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction." Section 90.08, Florida Statutes (1975)
In McArthur v. Cook, 99 So.2d 565 (Fla. 1957) it was made clear that the rule of impeaching the credibility of a witness because of conviction of a crime is equally applicable in criminal and civil cases. McArthur also contains the most frequently quoted statement of the proper procedure for impeaching a witness by means of prior convictions:
"... [T]he proper procedural approach is simply to ask the witness the straight-forward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted." (At 567.)
In view of the confusion which persists over the propriety of admitting into evidence the nature of a criminal defendant's prior convictions, we take this opportunity to point out the lengthy pedigree of the prohibition against such evidence. The court in McArthur, supra, relied on Mead v. State, 86 So.2d 773 (Fla. 1956), which had stated:
"It is the rule that a witness may be asked if he has been convicted of crime but the inquiry must stop there unless he denies the conviction, in which case the opposing party may produce the record of conviction. In any event the matter may not be pursued to the point of naming the crime when the defendant admits it ..." (At 774.)
The Mead court, in turn, cited Washington v. State, 86 Fla. 519, 98 So. 603 (1923), wherein the Florida Supreme Court had said:
"It was erroneous and unnecessary to press the inquiry [during cross-examination of the defendant] as to the conviction of crime to the point where the particular offense was named; because such course seemed to be for a purpose different from that on which the question is allowable as to a witness' former conviction of crime. It is to discredit him as a witness, but to press the inquiry as to the character of the particular crime that it may be shown to be of a similar character to that for which he is being tried is to use the rule for an improper purpose ..." (At 604).
The reason for not permitting questioning as to the nature of previous convictions of a criminal defendant for the purpose of impeaching him as a witness is simply that any additional light on his credibility which might be produced by the information would not compensate for the possible prejudicial effect on the minds of the jurors. The jury would almost certainly make inferences which went beyond the question whether or not the witness was worthy of belief. The jurors might conclude in the case at bar, for example, that because the accused had previously been guilty of robbery, he was probably guilty of the robbery with which he was presently charged. Such inferences do not share the dignity of proofs nor of circumstantial evidence and are to be avoided.
The mere fact that a defendant has been convicted of crime is sufficient to cast doubt on his believability. We have held that he may also be asked how many times he has been convicted. Jones v. State, 305 So.2d 827 *1267 (Fla.App. 4th 1975). If he admits the number of his convictions there can be no further questioning about his convictions for impeachment purposes. If he denies a conviction, then the prosecution may impeach him by introducing a certified record of the conviction (not a police "rap sheet") into evidence, and such a record will of necessity reveal the nature of the crime for which the defendant was convicted. Irvin v. State, 324 So.2d 684 (Fla.App. 4th 1976). Such a record may not be introduced into evidence if the defendant admits the conviction, even though he may have denied it earlier.
The defendant who admits a conviction is not to be prevented from voluntarily revealing the nature of the crime for which he was convicted, but the prosecution must not invite him to volunteer. The only other gate through which additional information about a defendant's past offenses may be allowed to enter is that of relevancy to prove or disprove a material fact in issue at the trial. At that point we are no longer dealing with the impeachment of a witness but rather with the proof of defendant's guilt, and then a different set of rules applies. As was expressed with great clarity in Williams v. State, 110 So.2d 654 (Fla. 1959), relevancy is the test of admissibility, and evidence of prior offenses by the defendant which is relevant for any purpose save that of showing bad character or propensity to commit crime is admissible.
In the present case there was no effort by the prosecution to establish that the defendant's prior convictions were relevant to prove a material fact at issue in the trial. The only apparent legitimate purpose of eliciting testimony as to past convictions was to impeach the credibility of the defendant as a witness. Once the defendant had admitted his convictions it was prejudicial error to permit further questions on the subject. We must therefore reverse and remand for a new trial.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.