BOOTH, Judge.
This cause is before us on appeal from the judgment of conviction, entered on a jury verdict finding defendant guilty of grand theft, and sentence of one year in the county jail. On appeal, the sole question presented is whether the trial court erred in allowing the prosecuting attorney to cross examine defendant concerning the details of a collateral offense.
The State proved that an individual identified as defendant entered the JM Fields store on the date in question with nothing in his hand, walked through the store to the automotive section where he picked up an auto stereo unit and then took it to another department where he asked for and received a refund for the stereo unit. Thereafter the security guard stopped the defendant and placed him under arrest.
The defendant took the stand and testified that he had been given the stereo by his girlfriend and, since he already had a tape player, he returned it for a refund. Over objection, the State cross examined defendant concerning an offense committed *1128 subsequent to the one on trial. The facts of that offense were that defendant had entered a Sears store, picked up a hair brush set in the store and presented it to a sales clerk for a refund. Defendant was convicted of petty larceny on his plea of nolo contendere of the Sears offense.
On appeal, defendant contends that it was error to allow the State to cross examine him concerning the collateral offense, regardless of its relevancy to the offense on trial. Defendant contends that the evidence should have been presented as part of the State’s case in chief. Cited in support of this contention are the cases of Watts v. State, 160 Fla. 268, 34 So.2d 429 (1948) and McArthur v. Cook, 99 So.2d 565 (Fla.1957) which deal with the proper method of questioning of a defendant who takes the stand concerning his previous conviction of a crime. The rule of those decisions is not applicable here, however, since the testimony was not elicited by way of attack on defendant’s character generally and credibility as a witness. Here the testimony was relevant and admissible under Williams v. State, 110 So.2d 654 (Fla.1959) to show a pattern, plan or scheme and was proper to refute defendant’s testimony on direct examination as to the circumstances of the JM Fields incident.
In Oliva v. State, 346 So.2d 1066 (Fla.3d DCA 1977) the court held that evidence of a prior criminal transaction between the parties was properly brought out on cross examination. In that case the defendant testified that until the date of the alleged sale of cocaine, he had never seen the State witness who testified he sold her cocaine; that he had never given her cocaine, and that he had never bought anything of value from another of the State’s witnesses. The State was allowed to bring out on cross examination of the defendant, and in its case on rebuttal, that there had been a prior meeting of the parties; that defendant had negotiated with both of the State’s witnesses and furnished them with a sample of cocaine and that he had in fact received cash from both witnesses. The District Court held that the cross examination of the defendant was proper under Rule 3.250, Fla.R.Crim.P. and, further, that the evidence would meet the test of the Williams Rule because the evidence “showed a method of operation which was the same as employed in the sale with which defendant was charged.” (346 So.2d at 1068)
Accordingly, the judgment below is AFFIRMED.
MILLS, C. J., and MASON, ERNEST E., Associate Judge (Retired), concur.