647 So.2d 881 (1994)
Terrance BOBB, a/k/a Anthony Borne, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1290.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Rehearing Denied January 20, 1995.
*882 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Appellant, Terrance Bobb (defendant), appeals his conviction and sentence for manslaughter without a firearm. Defendant contends on appeal that his conviction should be reversed because the trial court prevented additional cross-examination of a prosecution witness concerning how many of the witness's felony convictions involved dishonesty or false statement. We affirm defendant's conviction because we find that the trial court properly limited cross-examination to whether the witness had been convicted of a felony and the number of felony convictions.
A key prosecution witness had been convicted of eleven felonies, six of which were crimes involving dishonesty or false statement: two for dealing in stolen property and four for grand theft. Prior to trial, defense counsel requested that he be permitted to question the witness on the number of his felony convictions and, of those felonies, how many were for crimes involving dishonesty or false statement. In denying defendant's request for this more extensive inquiry of the witness, the trial court ruled that there are two permissible inquiries under subsection 90.610(1), Florida Statutes (1993); the first, covering all felony convictions, and the second, covering misdemeanors involving dishonesty or false statement. It reasoned that allowing a witness who has been convicted of a felony to be further questioned as to whether that felony involved a crime of dishonesty or false statement would result in impermissible inquiry into the nature of the felony.
Subsection 90.610(1) of the Florida Evidence Code (1993) reads:

*883 A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
While a literal reading of the subsection would allow inquiry into whether any of the felony convictions involved dishonesty or false statement, we agree with the trial court that it is preferable to limit questioning to whether the witness or defendant has ever been convicted of a felony and not permit additional inquiry into whether the felony involved dishonesty or false statement. This holding is consistent with the long-standing policy of the courts of this state not to allow inquiry for impeachment purposes into the nature of the crime for which the defendant or witness was convicted. See Watts v. State, 160 Fla. 268, 272, 34 So.2d 429, 431 (Fla. 1948); Davis v. State, 397 So.2d 1005, 1007-08 (Fla. 1st DCA 1981).
The sole purpose of impeachment by prior convictions is to attack credibility or believability of the witness. As noted by Charles Erhardt in his comments to section 90.610 of the evidence code, the theory supporting the admissibility of a wide variety of convictions is that "a person with a criminal record has demonstrated a willingness to violate the law, which bears upon the person's willingness to disregard the oath to tell the truth." Erhardt, Charles, Florida Evidence, § 610.1, at 419 (1993 ed.). In Martin v. State, 86 Fla. 616, 620, 98 So. 827, 829 (Fla. 1924), the Supreme Court explained that it is not a question of what crime a witness may have committed, but whether he has been convicted of any crime, which should affect his credibility. As stated by then Judge Alderman writing for our court, "[t]he mere fact that a defendant [or witness] has been convicted of a crime is sufficient to cast doubt on his believability." Goodman v. State, 336 So.2d 1264, 1266 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1977). Furthermore, to allow a more extensive inquiry of a witness or a defendant on a collateral matter of impeachment would run the risk of making the prior convictions a feature of the trial.
Prior to the enactment of the Florida Evidence Code, evidence of a conviction of "any crime," excluding certain minor offenses such as traffic offenses, was admissible for impeachment purposes. See State v. Page, 449 So.2d 813, 815 (Fla. 1984); Hendrick v. Strazzulla, 135 So.2d 1 (Fla. 1961); Watts; § 90.08, Fla. Stat. (1975).
In 1977, the Florida Evidence Code was enacted and section 90.610 replaced that part of section 90.08 relating to evidence of prior convictions affecting the credibility of a witness.[1] As initially enacted, subsection 90.610(1) restricted impeachment only to crimes involving dishonesty or false statement. The senate staff analysis explained the limitation on impeachment to crimes involving dishonesty or false statement as a logical restriction "since the evidence is being used to attack the witness'[s] truth and veracity." Senate Judiciary Staff Analysis, SB 754, at 3 (1975).
Despite this expressed written legislative intent to restrict the types of crimes utilized for impeachment purposes, the very next year the legislature, without explanation, expanded subsection 90.610(1) to include all crimes punishable by death or imprisonment in excess of one year. Ch. 78-361, Laws of Florida (1978). The legislatively enacted evidence code, as amended, was subsequently adopted by the supreme court as a court rule because, as reasoned by the supreme court, the evidence code involved a matter of court procedure solely within the province of the supreme court to enact pursuant to article V, section 2(a). Page, 449 So.2d at 815; see In re Florida Evidence Code, 372 So.2d 1369 (Fla. 1979). Therefore, analysis of the subsection is not governed by legislative intent and we need not apply principles of statutory interpretation. Page, 449 *884 So.2d at 815. Rather, we read the subsection in conjunction with the limited purpose for which convictions have been historically admissible.
The effect of the subsection, as amended by the legislature and as adopted by the supreme court, is to allow impeachment for all felonies, but restrict impeachment to only those misdemeanors involving dishonesty or false statement. Thus, subsection 90.610(1), as amended, expanded the class of crimes which could be utilized for impeachment purposes close to the pre-1977 practice of allowing impeachment for all crimes. The only crimes which cannot now be used for impeachment purposes are those misdemeanors not involving dishonesty or false statement. As explained by Justice Adkins in Page:
In its revised form the section allows the use of all crimes punishable by imprisonment in excess of one year or by death. Serious crimes are now encompassed by the statute and specifically permitted whether or not they involve dishonesty or false statement. It is only misdemeanor crimes which must fulfill that criteria. Because these are relatively minor offenses, the additional safeguard of requiring them to reflect upon the defendant's truth or veracity is necessary to avoid undue prejudice to the defendant... .
449 So.2d at 817.
The subsection makes no distinction as to categories of felonies, but limits use of misdemeanors to the category of ones involving dishonesty or false statement. We believe that allowing further inquiry into whether the felony involved dishonesty or false statement would have the impermissible and unintended effect of elevating certain felonies over others. In essence, we would be approving a more extensive cross-examination of one who has been convicted of grand theft, a felony involving dishonesty, than one convicted of murder, a felony not involving dishonesty or false statement. We cannot read into the statute or the subsection, as adopted by the supreme court, an intent to depart from the long-standing practice of restricting inquiry into the nature of the offense. Accord Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982).
In Davis, the first district rejected a literal reading of subsection 90.610(1) by refusing to approve the following question even though it tracked the statutory language: "Have you ever been convicted of a crime punishable by death or in excess of a year?" The court expressed its concern that this question could "easily create an inference in the minds of jurors that a defendant had been previously convicted of a capital crime when in fact, he may have been convicted of only a minor felony." Davis, 397 So.2d at 1007. The defendant or witness would then be put into the position of having to explain the nature of the crime in order to dispel the inference that the conviction was for homicide. The court suggested asking the question, "Have you ever been convicted of a felony?" It reasoned that this simple inquiry encompassed the statutory elements while eliminating potential prejudice.
Likewise, authorizing a prosecutor or defense lawyer to ask the more detailed question concerning whether the felony convictions involved dishonesty or false statement could create an inference that the crime was one such as perjury, requiring a defendant or witness to explain the nature of the crimes to dispel any contrary inference.[2] This is especially true in light of the broad interpretation our supreme court has given to the terms "dishonesty or false statement." Page.[3]
Defendant cites Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982), as authority for his argument that he should have been permitted further inquiry concerning the nature of the witness's felony convictions to *885 elicit that they involved dishonesty or false statement. In Cummings, the prosecutor asked on cross-examination how many times the defendant had been convicted of a crime. We held that by encompassing all crimes, this inquiry was impermissible. The question included irrelevant crimes, specifically, misdemeanors not involving dishonesty or false statement. Pursuant to section 90.610, "evidence of prior convictions for misdemeanors not involving dishonesty or false statements is irrelevant." Cummings, 412 So.2d at 438. We agree with Davis that the appropriate question which would cover crimes punishable by death or imprisonment in excess of one year would be, "Have you ever been convicted of a felony?" Id. Thus, all felonies are covered in one question and the inquiry ceases unless the defendant or witness answers untruthfully:
If the witness admits the number of his convictions, the prosecution may not ask further questions regarding prior convictions, and in particular the prosecution may not question the witness as to the nature of the crimes. The defendant may voluntarily reveal the nature of any crime, but the prosecution must not invite him to volunteer. If the witness denies a conviction, the prosecution can impeach him by introducing a certified record of that conviction, which will necessarily reveal the nature of the crime. Goodman, supra; Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1976). The enactment of Section 90.610(1) does not affect the rules governing the elicitation of the nature of a prior conviction.
Id.
The second question which we found to be proper in Cummings was, "Have you ever been convicted of a crime involving dishonesty or false statement?" We did not discuss when the question should be properly asked. The question is asked not to define the nature of the felonies but to limit the use of misdemeanor convictions to those involving dishonesty or false statement. While our opinion in Cummings did not specify whether this second question should be asked only if the defendant or witness had misdemeanor convictions involving dishonesty or false statement, we clarify our position by holding that the second Cummings question is intended to have this limited application. We would suggest, as the trial court indicated here, that the more direct question to ask in the case of defendants or witnesses convicted of misdemeanors involving dishonesty or false statement should be, "Have you ever been convicted of a misdemeanor involving dishonesty or false statement?"[4]
Defendant asserts that it is the dishonest nature of the act which gives the conviction its probative value for impeachment. We agree with his general statement, but with the caveat that it is the same reason we allow impeachment for all felony convictions. Even our standard jury instructions provide only that whether "the witness had been convicted of a crime" is among multiple factors to be considered in evaluating the credibility of a witness. Fla.Std.Jury Instr. (Crim.) 2.04.
This particular witness had broken the law eleven times, which resulted in eleven felony convictions. The jury heard this evidence both on direct and cross-examination. Defendant argues that because six of the eleven felonies involve dealings in stolen property and grand theft, the witness was a "dishonest felon," somehow implying that other felons are "honest felons." We do not agree that the trial court's restriction improperly deprived the jury of information essential to evaluate the witness's credibility or denied defendant meaningful confrontation. Compare Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We find defendant's argument even less compelling *886 in that the six felonies which he wanted to single out for additional inquiry were for dealing in stolen property and for grand theft in 1990, crimes involving dishonesty under the supreme court's decision in Page, but not crimes necessarily involving false statement.
The jury's knowledge that the witness was an eleven time convicted felon is certainly powerful impeachment without further embellishment. We fail to see how defendant was prejudiced by this limitation. Indeed, we envision far more potential for abuse if the interpretation of the subsection urged by defendant is adopted and applied to cross-examinations of both witnesses and defendants.
We have considered and reject the other points raised on appeal. Accordingly, the conviction and sentence is affirmed.
GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Section 90.404 replaced the remaining part of section 90.08 pertaining to evidence of prior convictions as evidence of character.
[2] Prior to 1977, convictions of perjury specifically rendered witnesses incompetent to testify. However, that distinction was removed and perjury is no longer dealt with separately. Section 90.08, Florida Statutes (1977), renumbered in part as section 90.610, Florida Statutes (Supp. 1978).
[3] This broad interpretation is to be contrasted with the more narrow definition used by the federal courts under the Federal Rules of Evidence, upon which our rule was modeled. Erhardt, Charles, Florida Evidence 610.3, at 422-23 (1993 ed.).
[4] In Tampling v. State, 610 So.2d 100, 101 (Fla. 1st DCA 1992), the first district held reversible error occurred where the prosecutor asked the defendant whether the felony to which the defendant admitted being convicted was for jury tampering. In reaching this point the court held, as a preliminary matter, and without going into its reasoning, that the trial court did not abuse its discretion by overruling the defendant's objection to the prosecutor's question of whether the felony involved "truth or honesty." To the extent this holding may be read as approving the additional question of how many of the admitted felony convictions involve dishonesty or false statement, we note our disagreement.