DAUKSCH, Judge.
Appellant appeals a judgment and sentence for grand theft. He challenges the trial court’s instruction to the jury that one factor it should consider in evaluating the credibility of a witness is whether he or she has been convicted of a felony or a crime involving dishonesty or a false statement.
Appellant testified at trial and during his testimony, defense counsel asked him if he had ever been convicted of a felony and he said he had. When defense counsel asked how many times, he said eight times. Defense counsel then asked appellant if he had ever been convicted of a crime involving dishonesty or a false statement, to which he again said he had. When defense counsel asked if he had been convicted one time, appellant said yes.
During the charge conference, the trial court asked the parties if Florida Standard Jury Instruction 2.04 should be given as is. That instruction requires the jury, in evaluating a witness’s credibility, to consider in part whether it was proved that the witness had been convicted of a crime. The prosecutor argued that the trial court should amend the instruction and ask the jury to consider whether the witness had been convicted of a felony or a crime involving dishonesty or a false statement. He reasoned that the current instruction was outdated because the evidence code had been amended to provide that a witness may be impeached by evidence that he or she has been convicted of a felony or a crime involving dishonesty or a false statement.
Defense counsel objected to the instruction on the ground that the law had never allowed a witness to be impeached on the basis that he or she had committed just any crime. Agreeing with the prosecutor, the trial court amended the instruction and instructed the jury as follows:
It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable or less reliable than other evidence. You should consider how the witnesses acted as well as what they said.
And here are some things that you should consider.... Six, was it proved that the vntness had been convicted of a felony or crime involving dishonesty or false statement? You may rely upon your own conclusions about the witness. A juror may believe or disbelieve all or any part of the testimony or the evidence or the testimony of any witness, [emphasis supplied].
Now the defendant in this case became a witness....
Appellant contends on appeal that the trial court’s amendment of Florida Standard Jury Instruction 2.04 was prejudicial because it immediately preceded the instruction that he had testified on his own behalf, thereby creating an inference that his testimony was not credible. He also contends that the amended instruction was an improper comment on the evidence.
Appellee argues in response that the trial court’s amendment of the jury instruction was proper because the instruction, as amended, was a proper statement of the law. It relies upon Foster v. State, 603 So.2d 1312 (Fla. 1st DCA 1992) in which the court held that the trial court is bound to instruct the jury in a criminal case as to the applicable law. The court noted that the standard jury instructions are intended to assist the trial court but are only a guide and may be modified to the extent required by the facts of a particular case. Id. at 1315. See also Cruse v. State, 588 So.2d 983 (Fla.1991); Yohn v. State, 476 So.2d 123 (Fla.1985). Appellee further contends that a trial court is, under Florida Rule of Criminal Procedure 3.985, authorized to depart from the standard instructions when they are erroneous or inadequate. Because the amended instruction lim *380 ited the jury’s evaluation of a witness’s credibility to proof at trial of his or her conviction of felonies and crimes involving dishonesty or a false statement rather than to his or her conviction of any crime, appellee concludes that the instruction was to appellant’s advantage.
We hold that the trial court did not err by amending Florida Standard Jury Instruction 2.04 and by instructing the jury accordingly. In Bobb v. State, 647 So.2d 881 (Fla. 4th DCA 1994), the court explained the evolution of section 90.610(1), Florida Statutes (1993) which permits a party to impeach a witness with evidence that he or she has been convicted of a felony or a crime involving dishonesty or a false statement. Modelled after Federal Rule of Evidence 609, the underlying premise of the statute is that a witness who has previously been convicted of a felony or a crime involving dishonesty or a false statement is more apt to lie than is a person with an unblemished past. Id. at 883. See also United States v. Norton, 26 F.3d 240 (1st Cir.1994) [relying upon 28 Wright and Gold, Federal Practice and Procedure, § 6132 at pp. 190-194].
The Bobb court additionally noted that evidence of a witness’s conviction of any crime was admissible for impeachment purposes before enactment of the Florida Evidence Code. After its enactment, however, a party could impeach a witness with evidence of a conviction of crimes involving dishonesty or a false statement, and later, of felonies. Because the jury instruction pertaining to the jury’s evaluation of a witness’s credibility has not been changed to conform with the amended evidence code, the trial court’s amended instruction to the jury was proper. See United States v. Brown, 946 F.2d 1191, 1194 (6th Cir.1991) (trial court instructed jury that it could consider whether a witness had previously been convicted of a felony or a crime involving dishonesty or a false statement in weighing his or her credibility). See, e.g., United States v. Beard, 761 F.2d 1477, 1481 (11th Cir.), cert. den., 474 U.S. 907, 106 S.Ct. 239, 88 L.Ed.2d 240 (1985) (district court properly instructed jury to exercise care in considering credibility of government informant previously convicted of a felony or crime involving dishonesty or a false statement and who used drugs during his government service).
When the credibility of any witness is brought up by either side, regarding the conviction of a felony or a crime involving dishonesty or false statement, then a proper jury instruction should be given. It was in this case. The standard jury instruction is out of date and most certainly will be changed in due course.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.