SCHWARTZ, Chief Judge.
Addressing the appellant’s primary point on appeal,[1] we agree that it may have been “preferable,” Bobb v. State, 647 So.2d 881, 883 (Fla. 4th DCA 1994), review denied, 659 So.2d 270 (Fla.1995), for the trial court, to have- precluded the prosecutor from inquiring — beyond the admitted fact that the testifying defendant had previous, felony convictions, see § 90.610, Fla. Stat. (2003) — “into whether the felon[ies] involved dishonesty or false statement.” Bobb, 647 So.2d at 883. Nonetheless, the convictions and sentence for grand theft and criminal mischief under review are affirmed because we are convinced that any error which may have been involved, but see Tampling v. State, 610 So.2d. 100 (Fla. 1st DCA 1992)(dicta that trial court correctly overruled defendant’s objection to prosecutor’s question of whether prior felony involved truth or dishonesty); Bobb (indicating that contrary practice- was “preferable”), was harmless beyond a reasonable doubt. Goodwin v. State, 751 So.2d.637 (Fla.1999); State v. Lee, 531 So.2d 133. (Fla.1988); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.

. The other issues present no error and require no discussion.