383 So.2d 1109 (1980)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
William C. DEWBERRY, Jr., As Administrator of the Estate of Patrick Joseph Dewberry, Deceased, and As Administrator of the Estate of Thomas Michael Dewberry, Deceased, and William C. Dewberry, Jr., Individually, Appellees.
No. OO-301.
District Court of Appeal of Florida, First District.
May 7, 1980.
Rehearing Denied June 10, 1980.
William H. Clark, Jr. of Clark, Partington, Hart & Hart, Pensacola, for appellant.
Fredric G. Levin of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
McCORD, Judge.
This is an appeal from a final judgment awarding $400,000, the full amount of the policy limits,[1] to appellees pursuant to the uninsured motorist coverage contained in appellee William C. Dewberry, Jr.'s, automobile insurance contract. The award was for the damages, resulting from the death of his two minor children, caused by an accident involving an underinsured motorist. Appellant urges that the award should be reversed because of repeated references by counsel for appellees to the amount of the policy limits during voir dire, opening argument, and closing argument. We agree and remand for a new trial.
Appellees contend that this is an action on an insurance contract and, therefore, the policy limits of the contract are admissible into evidence and may be freely commented upon to the jury. We disagree. While this case is based on contract, it has its underpinnings in tort liability. Before appellee could recover under the contract, he was required to prove that the underinsured motorist was negligent. The prejudicial effect *1110 upon the jury of references to policy limits in an action brought against one's own insurer upon the uninsured motorist coverage of the insured's policy is no different than in a direct negligence action against the tortfeasor. The issues in both actions are negligence, and policy limits are not normally an issue in either proceeding. These limits were not an issue in the case sub judice. The effect of injecting them into this case was to influence the jury to award the policy limits to appellees rather than to fairly assess the damages.
The Supreme Court in Josey v. Futch, 254 So.2d 786 (Fla. 1971), listed four items for consideration when determining whether or not the mention of policy limits was error. While not exhaustive, these items are: (1) the size of the verdict in relation to the policy limits; (2) the nature and extent of plaintiff's injuries; (3) the amount of damages originally sought by the plaintiff; and (4) any exchanges with the jurors which on their face may reveal influence.
In the case below, the damages awarded were the exact amount of the policy limits. Also, remarks to the jurors by appellee's counsel[2] during closing argument leave little doubt that his emphasis upon the policy limits had an improper influence on the jury's verdict. Appellees' counsel repeatedly told the jury that they should find no less than this amount for the death of the two minor children. Accordingly, we reverse and remand with instructions to grant a new trial.
LARRY G. SMITH, and WENTWORTH, JJ., concur.
NOTES
[1] Dewberry v. Auto-Owners Insurance Company, 363 So.2d 1077 (Fla. 1978).
[2] "We're limited to two hundred thousand dollars per child or a total of four hundred thousand dollars, but as I stated to you, the mere fact that there's two hundred thousand dollar policy limits doesn't automatically mean we're entitled to it, because that policy says that we will pay you up to two hundred thousand dollars for any injury or death. And, if the child broke his leg, ten to fifteen thousand dollars. Or, if the child had lost his leg, probably an obvious two hundred thousand dollars. Or, say, Mr. Dewberry had been injured and had lost an arm and a leg in an accident. That would be an obvious two hundred thousand dollar case. We think the loss of a child is an obvious two hundred thousand dollar case. But, we're at a disadvantage because this is an uninsured motorist case, and I can't ask you for more than two hundred thousand dollars... I'm confident it will come back over two hundred thousand dollars, but then you're limited to bringing in a total of two hundred thousand dollars for each child. I'm going to submit to you that it should be a hundred thousand for each parent for each child. I don't think that either one loved a child any more than the other. If you return a verdict in this case for a total of two hundred thousand dollars, you're not telling these people that's all those children are worth. You're telling those people, `We gave all that we could under the law.'"