535 So.2d 699 (1988)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Carroll WOOD, Appellee.
No. 88-345.
District Court of Appeal of Florida, First District.
December 29, 1988.
Jeffrey A. Kramer and Astrid Wistedt, Pensacola, for appellant.
Paula L. Walborski, Tallahassee, for appellee.
SMITH, Chief Judge.
Wood, claiming coverage under the uninsured motorist (UM) provisions of his policy, *700 sued Allstate, his insurance company, for injuries he received in an automobile accident with an uninsured motorist. Pursuant to a jury verdict, the trial court entered a final judgment for Wood in the amount of $175,000.00. We affirm the trial court's order denying Allstate's motion for relief from judgment or alternatively, motion for new trial or remittitur, and we write only to address Allstate's contention that Wood improperly injected insurance coverage into the trial proceedings below.
In his closing argument, counsel for Wood argued that Wood had the foresight to protect himself and his family because he purchased UM coverage from Allstate and he analogized buying UM insurance to buying life or health insurance. Counsel for Allstate objected but did not move for a mistrial. The trial court sustained the objection. Later, Wood's counsel argued that Wood was not asking the jury to take something away from someone else and give it to Wood as Wood had paid full price for his insurance. Again, defense counsel objected, but he did not ask for a mistrial or a curative instruction. The court sustained the objection and nevertheless offered the curative comment that insurance was not the issue, therefore not to inject it into the proceedings.
It is true that the existence or amount of insurance coverage has no bearing on the issues of liability and damages and should not be considered by the jury. Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970). However, reference to insurance may be rendered harmless by the trial court's curative instruction to the jury. Walt Disney World Co. v. Merritt, 404 So.2d 1077 (Fla. 5th DCA 1981); and Seminole Shell Co. v. Clearwater Flying Co., 156 So.2d 543 (Fla. 2nd DCA 1963). Moreover, the trial court's decision not to grant a new trial because of the improper reference to insurance comes to the appellate court clothed with a presumption of correctness. The trial court has a superior vantage point to determine the effect of such error on the jury, and its ruling will not be disturbed unless it appears clear and patent on the record that prejudicial error occurred. Johnny Roberts, Inc. v. Owens, 168 So.2d 89 (Fla. 2nd DCA 1964). We agree that Allstate has failed to demonstrate clear and patent prejudicial error.
On appeal, Allstate relies on Auto-Owners Ins. Co. v. Dewberry, 383 So.2d 1109 (Fla. 1st DCA 1980), for reversal. This court's Dewberry decision is easily distinguishable as there, not only did counsel mention the existence of insurance but also the extent thereof, and the jury returned a verdict in the exact amount of the policy limits which had repeatedly been mentioned throughout the trial proceedings, during voir dire, opening argument and closing argument.
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.