DELL, Judge.
We consolidate Case Nos. 88-2289, 89-0234 and 89-0847. These appeals arise out of a medical malpractice action for injuries that appellee sustained allegedly as a result of breast reduction surgery. Appellee filed suit against appellants and claimed that Jerome W. Craft, M.D. negligently performed the surgery and postoperative care and that he lacked informed consent. The jury awarded appellee $55,000 on her negligence claims, but found for appellants on the issue of informed consent. We reverse and remand for a new trial.
Appellants have raised numerous issues. They argue that the trial court erred by denying their request for a jury instruction based upon section 768.45(4), Florida Stat *1339 utes (1983) [renumbered as section 766.102, Florida Statutes (1988 Supp.) ], and by failing to declare a mistrial or offer a curative instruction from the statute when counsel for appellee argued that the existence of the injury alone constituted evidence of negligence. Appellants also contend that the trial court erred when it denied their motion in limine to prevent appellee’s expert from testifying and when it denied their motion for a directed verdict on liability based upon their argument that appellee failed to present competent expert testimony to support her negligence claims.
Further, appellants contend that the trial court erred by excluding testimony and evidence concerning appellee’s failure to follow Dr. Craft’s postoperative instructions; by permitting appellee to introduce deposition testimony of three witnesses without laying the proper foundation for their introduction pursuant to Rule 1.330(a)(3)(F), Florida Rules of Civil Procedure; and by permitting appellee to cross-examine appellants from a textbook. Finally, appellants challenge the trial court’s award of attorney’s fees to appellee and its denial of their claim for attorney’s fees. On cross-appeal, appellee claims that the trial court erred by failing to award a reasonable sum as attorney’s fees and by precluding appellee from impeaching Dr. Craft’s credibility.
We address first appellants’ argument regarding the trial court’s failure to instruct the jury in accord with section 768.-45(4), Florida Statutes (1983). Section 768.-45(4) provides in pertinent part:
The existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the accepted standard of care by the health care provider.
At the charge conference, appellee’s counsel acknowledged the principle enunciated in section 768.45(4) and the trial court denied appellants’ request for the instruction, concluding that it was adequately covered in the general charge. We conclude that the trial court did not abuse its discretion in denying appellants’ initial request for the instruction. During closing argument, however, appellee’s counsel read from and made reference to Dr. Craft’s deposition in the following manner:
“Doctor, my question is, isn’t it true that if a plastic surgeon in this community performed a breast reduction mammo-plasty on a patient without even marking the breasts at all, that would be a deviation from the standard of care, would it not?”
His answer was, “I think it would be a little deviation, yes, but it can be done.” Question: “Well, I’m sure it can be done, Doctor. The point is that that’s not acceptable kind of care for plastic surgeons in this community, is it?”
Answer: “I would say it would be acceptable. It’s the postoperative result that counts, sir.”
Question: “As far as you’re concerned then, it’s the result postoperatively that determines whether or not the plastic surgeon has performed his care and treatment with skill?”
“I think that’s very important,” was his answer.
Next question: “And whether or not he has deviated from the standard of care you can determine by looking at the result; is that correct?”
Answer: “I think you can, sir, yes.”
[[Image here]]
A deviation from the standard of care is negligence. It means that the doctor has done something that is not acceptable medical practice. That’s all it means. It’s negligence. It’s a fancy way that we have to say negligence when we’re talking about a doctor or an engineer or a lawyer, any kind of professional. That’s all it means.
Look at the result. Listen to Dr. Craft's own admission. You can’t find anything but negligence in this case.
*1340 Appellee coupled this testimony with a photograph of appellee’s scars to support the argument that the deviation from the standard of care could be determined by looking at the result. We note that the excerpt from the deposition related only to preoperative markings made for the placement of incisions. Appellants objected to the argument, moved for a mistrial and renewed their request for an instruction based upon 768.45(4). We hold that the trial court erred when it denied appellants’ second request for the instruction. Appellee’s closing argument clearly could have misled the jury. The failure to offer a curative instruction prejudiced appellants and constituted reversible error mandating a new trial.
We address appellants’ remaining arguments to provide direction for the new trial. First, appellants argue that the trial court erred when it denied their motion in limine to exclude appellee’s expert from testifying. Appellants base their argument on section 768.45(2)(c), Florida Statutes (1985). Appellants argue that appellee’s expert retired from the active practice of medicine in 1982 and had not practiced for the six years preceding this trial. They rely upon that part of section 768.45(2)(c) which provides:
Such training, experience, or knowledge must be as a result of the active involvement in the practice or teaching of medicine within the 5-year period before the incident giving rise to the claim.
This argument is without merit and ignores the express language of the enabling legislation, which states:
Except, as otherwise provided, all provisions of this act shall apply prospectively, and shall not apply to actions filed on or before the effective date.
[[Image here]]
Except as otherwise provided in this act, this act shall take effect October 1, 1985.
Ch. 85-175, §§ 48, 55, Laws of Florida. In 1985, the legislature added the “practice or teaching” requirement. Appellee filed her initial complaint in 1983, before the effective date of the statute. Further, the record reveals that appellee’s expert practiced plastic surgery within the five year period before the incident giving rise to the claim and therefore would also qualify as an expert under the 1985 amendment.
Next, we find no error in the trial court’s exclusion of evidence concerning appellee’s alleged failure to follow Dr. Craft’s instructions. At the outset of trial, appellants abandoned their defense of comparative negligence and presented no evidence that appellee’s negligence constituted the sole legal cause of her injuries.
We also find sufficient evidence to support appellee’s use of a textbook to cross-examine appellants. We find no reversible error in the trial court’s failure to exclude the depositions of three witnesses.
We reject appellee’s argument on cross-appeal that the trial court erred when it precluded appellee from impeaching Dr. Craft’s credibility with evidence of a prior criminal conviction. Appellant’s conviction occurred approximately twenty years before the trial 'and did not in any way relate to the issues of medical malpractice. See DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988).
We also hold that the trial court did not err when it precluded appellee from impeaching appellant based upon his denial, in answers to interrogatories, of participation in the Florida Patient’s Compensation Fund. The introduction of such evidence would have improperly suggested the existence of insurance. See, e.g., Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla.1970); Allstate Insurance Company v. Wood, 535 So.2d 699 (Fla. 1st DCA 1988). We note, however, that appellant’s failure to disclose his participation in the Florida Patient’s Compensation Fund prevented appellee from joining the Fund as a party defendant and, therefore, we affirm the trial court’s order denying appellants’ motion to alter or limit the judgment to the statutory limit under section 768.54(2)(b), Florida Statutes (1979) [renumbered as section 766.105, Florida Statutes (1988 Supp.)].
*1341 Finally, we find no error in the trial court’s refusal to award appellants attorney’s fees as the prevailing parties on ap-pellee’s claim of lack of informed consent. We reject the argument that their claim for fees should have been granted under the reasoning in Folta v. Bolton, 493 So.2d 440 (Fla.1986). Appellee’s claims constituted alternative theories of liability and not separate and distinct claims such as those in Folta. Since this case must be remanded for a new trial, we vacate the trial court’s award of attorney’s fees to appellee without prejudice to either party to seek fees at the conclusion of this case as the prevailing party.
Accordingly, we reverse the final judgment and the award of attorney’s fees to appellee. We remand this ease for a new trial.
REVERSED and REMANDED.
GUNTHER and WARNER, JJ., concur.