GODERICH, Judge.
The plaintiff, Fausto Villar, appeals from a final judgment entered in favor of the defendant, Raul V. Pereiras, Jr., M.D. in a medical negligence action. We reverse and remand for a new trial.
Villar was diagnosed with an aneurysm of the aorta. In order to confirm the diagnosis, Dr. Pereiras performed a procedure known as an arteriogram. The procedure involves inserting a catheter into the femoral artery. Thereafter, the catheter is removed and pressure is applied to the puncture for a minimum of fifteen to twenty minutes to prevent bleeding. After the procedure was completed, the plaintiff bled from the puncture wound causing complications.
Villar brought a malpractice action against Dr. Pereiras. The main issue at trial was whether Dr. Pereiras followed the standard medical procedures of applying pressure to the puncture for a minimum of fifteen to twenty minutes. At the charge conference, defense counsel proposed the following jury instruction:
The existence of a medical injury should not create an inference or presumption against a health care provider. Plaintiff must maintain the burden of proving that an injury or loss was proximately caused by a breach of acceptable standard of care by the physician.
Villar objected arguing that the requested instruction was argumentative, confusing, and unnecessary. The instruction was given to the jury as requested.[1] The jury returned a verdict in favor of Dr. Pereiras. Villar appeals.
Villar contends that the trial court erred in giving the requested jury instruction. We agree.
The Supreme Court Committee on Standard Jury Instructions has addressed a similar instruction. Comment 1 to Standard Jury Instruction 4.1 states that “[t]he committee recommends that no charge be given to the effect that ‘negligence may not be inferred from the mere happening of an accident alone’ ” because “[s]uch a charge is argumentative and negative.”
The requested instruction also used such terms as proximate cause and burden of proof. The trial court failed to define these terms for the jury. Moreover, the Committee has recommended that such words be avoided. The Committee has omitted such words as “burden of proof” and “proximate cause” in order ‘“to ... express the applicable issues and guiding legal principles briefly and in simple, understandable language.’ ” Fla.Std.Jury Instr. (Civ.) at xviii-xix. Additionally, the Committee, in Comment 1 to Standard Jury Instruction 5.1 stated that “[t]he committee’s purpose in drafting charge 5.1 was to express essential elements ... of ‘proximate cause’ without using that term, which is misunderstood by juries for a number of reasons. Conceiving that it is necessary to use some adjective to qualify or characterize the term ‘cause’ in the charge, the committee preferred ‘legal cause’ to other possible choices (e.g. ‘direct cause’) because *680 ‘legal cause’ is comparatively neutral, not containing and therefore not emphasizing any part of the total concept of causation.” For these reasons, we find that the requested jury instruction was argumentative and confusing.[2]
Since our resolution of this issue is dis-positive, we do not need to reach Villar’s remaining point raised on appeal.
Reversed and remanded for a new trial.

. The requested jury instruction is derived, in part, from Section 766.102(4), Florida Statutes (1989), which is a codification of the res ipsa loquitur doctrine. The present action, however, was not based on this doctrine. Section 766.-102(4) reads as follows:
The existence of a medical injury shall not create any inference or presumption of negligence against a health care provider, and the claimant must maintain the burden of proving that an injury was proximately caused by a breach of the prevailing professional standard of care by the health care provider. However, the discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.

. Dr. Pereiras’ reliance on Craft v. Kramer, 571 So.2d 1337 (Fla. 4th DCA 1990), review denied, 584 So.2d 998 (Fla.1991) is misplaced. Unlike in Craft, Villar’s attorney’s closing argument did not mislead the jury, and therefore, the requested jury instruction was neither necessary nor invited.