168 So.2d 89 (1964)
JOHNNY ROBERTS, INC., Appellant,
v.
Rachel G. OWENS, Appellee.
No. 4383.
District Court of Appeal of Florida. Second District.
October 9, 1964.
Rehearing Denied October 26, 1964.
*90 John W. Boult, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellant.
T. Truett Ott, of Hardee, Ott & Hamilton, Tampa, for appellee.
SAMPLE, WALLACE, Associate Judge.
The appellant raises two questions in this appeal, neither of which the court finds adequate to require reversal, but one of which is of sufficient importance to bench and bar alike for the court to discuss in an effort to further settle and clarify, if possible, for future guidance of those who are apparently troubled by holdings of the *91 appellate courts of this state on the same subject.
Appellant, defendant below, charges that counsel for the plaintiff on voir dire examination deliberately injected "insurance" into the trial thereby rendering a mistrial mandatory. The following colloquy between plaintiff's counsel and a prospective juror took place:
"Mr. Ott: Mr. Bennett, what business are you in?
"Mr. Bennett: Real estate.
"Mr. Ott: Real estate, and do you sell insurance in connection with your business?
"Mr. Bennett: Real estate.
"Mr. Ott: Not insurance?
"Mr. Bennett: No.
"Mr. Ott: Some real estate people also handle insurance, but you don't?
"Mr. Bennett: No, just real estate."
After the jury was selected and sworn defendant's attorney moved for a mistrial, out of the presence of the jury. The trial judge denied the motion and in doing so made the following observations, among others:
"The Court: It was just asked in passing, and certainly he's entitled to ask what kind of business they're in and if he's connected with any insurance company. * * * I don't see where it made any impression at all." (emphasis added)
As was stated by Judge Carroll in City of Niceville v. Hardy, Fla.App. 1964, 160 So.2d 535, the point raised is troublesome both at the trial and appellate levels.
"The second point raised by the defendant on this appeal is always difficult for trial and appellate courts to resolve  whether the injection of the idea of insurance during the jury trial in an action for damages was such as to raise a presumption that the jury was unduly influenced or prejudiced thereby. This problem is compounded by the fact that any diligent researcher can compile an impressive list of decisions in the reported cases in apparent support of either position on this question. This is so probably because each decision depends upon the particular circumstances of that case, not only the precise setting in which the insurance idea was injected but also the verdict reached by the jury measured in the light of the evidence and the court's instructions."
It is possible that a solution completely satisfactory to all attorneys engaged in negligence trials and the courts may never be found. Yet we are compelled to feel that a more agreeable status for this situation may be reached by bench and bar alike.
Doubt no longer exists in the jurisprudence of Florida concerning the plaintiff's right to make such inquiry  or to put it another way, to have such inquiry made. Any such doubt, if it existed, was completely dispelled by the Supreme Court in Ryan v. Noble, 1928, 95 Fla. 830, 116 So. 766. The plaintiff's right to make inquiry concerning insurance having been established by Ryan v. Noble and confirmed in later decisions, and all litigants being rightfully guaranteed a fair and impartial jury, the question then is presented: what procedure is to be followed to protect each side from possible harm in those trials where insurance is a factor to be reckoned with by counsel and the court, but not the jury?
Obviously the procedure to be followed is not adaptable to any strict rule to be promulgated by the courts and it must be handled at the trial level in a fair and practical manner in each situation as the occasion arises. Trial preferences and practices vary with individual judges just as trial tactics vary with individual trial attorneys; likewise trial practices vary, *92 to some extent at least, in the various areas of the state. But under the modern rules of civil procedure in effect in this state today, particularly pre-trial procedure, there is no reason why trial counsel and the trial judge in each case cannot settle in advance the procedure to be followed  even to the extent, if necessary, of the form and content of the questions to be propounded. In making this suggestion we are merely reiterating the thoughts set forth by Mr. Justice Brown in his opinion in Ryan v. Noble wherein the Supreme Court not only established the first precedent for such questions on voir dire examination but also outlined the procedure for such examination  some 26 years before adoption of our present rules of civil procedure.
Trial counsel have no right to implant the thought of insurance coverage in the mind of the jury except in those situations in which an exception is allowed. (Carls Markets, Inc. v. Meyer, Fla., 69 So.2d 789; Barnett v. Butler, Fla.App., 112 So.2d 907). Counsel have only the right to elicit from prospective jurors such information as is necessary to show impartiality, or lack of it, disqualification or unfitness to serve as a juror and such further information as may be necessary to properly inform the questioning attorney whether he should exercise his right of peremptory challenge.
Plaintiff's counsel who point-blank inject the question of insurance into a trial, such as was done in this case, flirt with mistrial. Defense counsel who do not take advance precautionary steps, as was not done in this case, to forestall such point-blank injection of the question of insurance, flirt with disaster. The trial judge can only rely upon his impression of the impact of such questions and answers, if any, upon the prospective jurors and rule accordingly, which was done in this case. The ruling of the trial judge comes to this court clothed with a presumption of correctness. His observation, quoted above, is practically conclusive since examination of the typewritten record is at best a poor substitute for physical presence in the court room with opportunity to see, hear and observe the actual occurrence, the persons involved and their reactions, if any. The situation under attack here is quite similar to the one attacked in City of Niceville v. Hardy, supra, and Lambert v. Higgins, Fla. 1953, 63 So.2d 631, and here, as was the holding in those cases, we find no reversible error.
Adverting to Ryan v. Noble we point out that neither that case nor the present litigation arose as a result of a highway accident. There the injury resulted from an unloading operation from a truck; here the injury resulted from a slip-and-fall. We note this merely because of the mass of litigation presently arising from motor vehicular accidents in which this question is most frequently raised, and the current attitude in some quarters which, in effect at least, is passive toward the injection of insurance coverage in trials of negligence cases. Such attitude seems to stem from public consciousness of the necessity for, and the existence of, extensive insurance coverage in these modern times. Holders of such attitude seem to feel the injection of insurance is inconsequential because jurors, on the whole, are thoroughly versed in the extent of insurance coverage. Yet the fact remains that cases are being tried today in which there is no insurance coverage and it is still, as always, the business of the courts to see to the proper selection of fair, impartial juries and to keep every improper influence out of all legal proceedings, and this responsibility rests jointly on the shoulders of counsel for all plaintiffs and all defendants as well.
The clarity and lucidity of Mr. Justice Brown's reasoning in Ryan v. Noble can hardly be improved upon in support of the conclusion reached by this court and we include portions of it here to re-emphasize its applicability to present day conditions.

*93 "BROWN, J. (concurring specially). I concur in the opinion that no reversible error appears and the judgment should be affirmed, but I am not satisfied that the record is free from error in the matter of the questioning of the proposed jurors as to their connection with or interest in insurance companies, and the statement made by counsel for plaintiff in the hearing of the jurors preliminary thereto. While the error may not be so presented in this case as to be reversible, I think it involves an important question which requires some consideration. * * *
"The first panel of six jurors were asked whether they were in the insurance business, and replied in the negative. Two were excused by the plaintiff. Two more were then called and asked the same question, to which they replied in the negative. Thereupon the counsel for defendant objected to any inquiries about the insurance business to any members of the jury and moved the court to quash the entire jury panel on the ground that the interrogation of the jury as to insurance companies was entirely improper. The denial of this motion on the part of the court was excepted to and this ruling was assigned as error. * * *
"While the plaintiff in a case of this kind is undoubtedly entitled to have such qualifying questions put to the jurors as will protect him against the possibility of any agent or stockholder of any insurance company who has agreed to indemnify the defendant against any loss in the case being chosen upon the jury, yet the law is well settled that no evidence can be admitted on the trial of such a case that the defendant is protected by indemnity insurance against any loss that may be occasioned thereby, and the admission of such character of evidence constitutes prejudicial and reversible error. * * *
"Undoubtedly, the plaintiff in a case of this kind is entitled to a fair and impartial jury, and no person interested and employed by a casualty insurance company, interested in the result of the suit, though not of record thereto, would be qualified to sit as a juror in the trial of the case. On the other hand, the defendant is entitled to a fair and impartial jury, and if evidence that the defendant is protected by indemnity insurance cannot be produced to the jury during the trial, nor any reference thereto in argument of counsel permitted, surely the defendant should be protected from having the same matter presented to the prospective jurors in connection with the ascertainment of their qualifications, if the same can be avoided without prejudice to plaintiff's rights. * * *
"* * * Furthermore, the precise point is new in this jurisdiction, and no course of procedure in such matter has been outlined or decided upon by this court so far as the writer knows.
"I am inclined to think that in a case of this character counsel for the plaintiff should have the right to make it known to the court, either before the trial or at the time of the trial, by a proper motion, either oral or written, that the defendant is protected against loss in the case by an insurance company, and secure the permission of the court to ask such questions as will satisfy both the court and the plaintiff as to the proper qualifications of the jurors in this respect, but that such motion should not be presented in the presence or hearing of the prospective jurors. And when such motion is properly made, and supported, it should be granted, and the court should allow such a line of interrogation as will elicit the desired information from the talesmen without prejudice to the rights of the defendant. Usually such questions as the following would serve *94 to bring out the desired information: `What business or businesses are you engaged in, or interested in?' If the answer to this question is not sufficient to satisfy plaintiff's counsel, he might go farther and ask: `Are you an agent, employee, officer, or stockholder, or otherwise interested in any insurance corporation?' If the question is answered in the negative, it is hardly necessary to go farther; if it is answered in the affirmative, then the plaintiff might inquire further as to what kind of insurance corporation; and in those cases where circumstances justify it, the name of such corporation. Thus the necessary information could be secured which the plaintiff could use either as a basis for a peremptory challenge, or a challenge for cause, according to the circumstances. It would seem to me to be entirely practical in some such way as this to protect both sides in the selection of an absolutely fair, disinterested, unprejudiced, and impartial jury, which is not only the right of each party to secure, but also the highest judicial duty to provide. And this, too, without diverting the jurors from a proper consideration of the case in hand by the introduction of a collateral matter which does not concern the merits of such case, and which they should not consider in determining the issues of fact submitted to them. The course above outlined or one similar thereto might well apply in all other classes of cases where a third party is interested in the result of the suit to be tried, and either party desired to ask such questions of the jurors as might be necessary to secure a properly qualified jury.
"But it must be remembered that the law should not penalize a citizen for taking out insurance to protect himself against loss in case of accident or negligence. If A insures with B against loss by automobile accident or collision, paying B a certain amount for assuming the risk, and A's automobile collides with that of C, and C sues A, the latter's foresight in making preparation by which he can pay the damages, if found legally responsible therefor, should not be used against him, or prejudice the trial of the issue as to such responsibility. It is none of of C's business that A had seen fit to provide himself with insurance. If A was willing to pay the price, he certainly had the right to obtain the insurance. This was no invasion of C's rights. It might rather work to his interest in making surer the collection of this damage, for A might otherwise be unable to pay. All that C, in case of suit, has the right to insist on is that neither B, the insurer, nor any agent, employee, or other person interested in his business, be put on the jury, and he should be allowed to take all reasonable, proper, and necessary steps to protect himself against such a possibility. But the matter of A's contract for indemnity with B should not be put before the jury; for, in their sympathy for the injured party, and influenced by the thought that the loss would not fall on A anyway, the tendency to find a liability where none might exist, or to find a liability excessive in amount, is too apt to control their action in most cases. Furthermore, it has no bearing whatever upon the question of A's liability vel non for C's injury; and, as there is no privity of contract whatever between B, the insurer, and C, C has no right to object to A's having the full benefit of his contract, without prejudice.
"While there are cases which justify the course of action taken by counsel for plaintiff in this case, there are also cases to the contrary, and, the particular question being new in this state, this court is free to adopt the doctrine *95 sustained by the soundest and best reasoning and which will make for the best and fairest administration of justice in this jurisdiction.
"While there was error in permitting the making of the preliminary statement by plaintiff's counsel in the presence and hearing of the assembled venire, the point was not seasonably or properly raised, and I hardly think it calls for a reversal of this case. * * *"
In summary, we conclude the tactics employed by the plaintiff's counsel are to be censored, not approved; but on the other hand defense counsel, in such cases, are derelict if they do not anticipate such tactics and act accordingly. As in any other instance involving controversial matters of procedure, counsel for both plaintiff and defendant have the right, as well as the duty, to inform the trial court in advance of trial that inquiry will be made of jurors concerning insurance. When all interested parties have been put on notice then each of them, plaintiff's attorney, defendant's attorney, and the trial court, can be held to strict accountability for any infraction or abuse; and the appellate court will then be in better position to detect reversible error. It seems only fair to say that, unless such notice is given to trial counsel and the court, decisions on appeal may generally be the same as the conclusions reached here, and in cases cited above, unless it appears clear and patent on the record that prejudicial error occurred.
We have reviewed the record in its entirety as it concerns the other question raised by the appellant and find ample evidence to support the verdict and no reversible error.
Affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.