RYDER, Judge.
This is an appeal from the trial court’s order adjudicating Dunlap guilty of robbery with a firearm and sentencing him to prison *854 for life. Dunlap argues that the trial court should have granted a defense motion for mistrial when the assistant state attorney improperly attempted to impeach appellant by asking him if he previously had been convicted of robbery, and that the trial court further erred in not granting a defense motion to suppress his confession.
Although we see no merit to the argument that the motion to suppress should have been granted, we are concerned with the prosecutor’s improper attempt to impeach Dunlap. The relevant portion of the transcript reads as follows:
Q. [STATE ATTORNEY/MR. MOORE]: Have you ever been convicted of a crime before this, Mr. Dunlap?
A. [THE DEFENDANT]: Yes, I have.
Q. How many times?
A. Three.
Q. Have you ever been convicted of robbery before?
MR. McMILLAN [DEFENSE COUNSEL]: Judge, I’m going to object to that. That is totally improper.
THE COURT: Objection will be granted.
MR. MOORE: No further questions.
THE COURT: Redirect?
MR. McMILLAN: Approach the bench, your Honor?
THE COURT: Sure, with the court reporter.
(The following discussion in lowered voices at the bench):
MR. EVERHART [CO-COUNSEL FOR THE DEFENSE]: Judge, we move for a mistrial. That’s a totally improper question.
MR. McMILLAN: Additionally, your Honor, the defendant has, in fact, not been convicted of robbery previously, and the State is aware of that fact.
MR. EVERHART: We ask for a mistrial.
MR. McMILLAN: It was improper in light of the fact that he was not been convicted of a robbery, and it was solely for the purpose of prejudicing the minds of the jury.
THE COURT: Why was the—
MR. MOORE: He was convicted of a robbery before.[1]
THE COURT: What was the basis of the question? You know you can’t ask specific crimes. Why was the question asked?
MR. MOORE: I meant to phrase it in a different way. It. kind of came out differently than I planned on asking it, in essence.
THE COURT: In light — I will deny the motion for mistrial. The Court finds it was an erroneous question, but I think in light of the prompt objection made, in light of the instructions given by the Court to the jury to disregard any question for which there is no answer given, I do not think it is sufficiently prejudicial to justify mistrial. I do think it was an improper question, however, but the motion for mistrial is denied.
After this interchange, the court denied defense counsel’s request for a curative instruction stating that such an instruction would place too much weight upon the question.
The question in this case which named a specific crime was highly improper under the circumstances. Even if appellant had lied about his prior convictions, the types of crimes of which he had been convicted would have been properly identified only incidentally when the record of his convictions was introduced into evidence. Fulton v. State, 335 So.2d 280 (Fla.1976). It further appears that Dunlap was never convicted of robbery as an adult. Although appellate counsel for Dunlap indicates that he had a juvenile adjudication of robbery, *855 such would not be admissible at trial under section 90.610(l)(b), Florida Statutes (1979). Finally, it is noted that the prosecutor’s question obviously implied that Dunlap previously had been convicted of the same crime for which he was then on trial and that, in and of itself, was prejudicial.[2]
Nevertheless, we deal here only with an unanswered question as opposed to an affirmative answer from the defendant or a statement by the prosecutor that the defendant had been, in fact, convicted of robbery before. Two Florida decisions discuss this same situation; that is, an improper but an unanswered question asked of a defendant by a prosecutor on cross-examination. Although the cases deal with the same subject, they reach different results.
In Jones v. State, 305 So.2d 827 (Fla. 4th DCA 1975),[3] the defendant was on trial for robbery. On cross-examination, the state attorney elicited testimony that the defendant had been convicted of the crime of escape three or four times. Thereafter, the state attorney asked the defendant whether he had been convicted of armed robbery. The defendant did not answer the question because defense counsel objected and moved for a mistrial. The judge denied the motion, but admonished the jury at the conclusion of all testimony to disregard the prosecutor’s questions to the defendant regarding specific prior convictions.
In reversing, the fourth district found that the cross-examination by the state attorney eliciting from the defendant testimony as to specific crimes and asking the defendant whether he had been convicted of robbery before was improper.
In Straight v. State, 397 So.2d 903 (Fla.1981), the defendant was on trial for murder. On cross-examination, the state attorney asked the defendant whether he knew where one of his acquaintances had acquired her drugs. When the defendant denied knowing that she obtained the drugs from a Dr. Day and denied ever hearing that name mentioned, the state attorney asked, “Isn’t it true that it was Dr. Day that you were going to use the pistol on...?” Id. at 998.
Defense counsel objected to the question and moved for mistrial. The defendant never answered the question. The court denied the motion for a mistrial and instructed the jury to disregard the question.
In affirming the defendant’s conviction, the Florida Supreme Court held that in light of the overwhelming evidence against the defendant, it was inconceivable that the prosecutor’s improper question might have affected the verdict.
As in Straight, the evidence in the instant case was strong against the defendant. Here, the state’s evidence included a confession to the crime by the defendant, the police found his fingerprints at the scene and two eyewitnesses positively identified the defendant as the robber. Unlike Jones, the prosecutor in this case did not discuss any other specific crimes. Thus, even though we express concern over the prosecutor’s improper question to the defendant, we adopt the sound reasoning expressed in Straight and affirm the conviction here because of the overwhelming evidence of guilt against the defendant.[4]
Accordingly, we affirm the trial court’s order denying a mistrial, its order adjudicating the defendant guilty of robbery with a firearm and the sentence of Dunlap to life imprisonment.
AFFIRMED.
HOBSON, A. C. J. and GRIMES, J., concur.

. Appellate counsel for the defendant indicates that the defendant had a juvenile adjudication of robbery. Even if this were true, it would not be admissible at trial under section 90.-610(l)(b), Florida Statutes (1979).
The state attorney told the judge at the sentencing hearing that the defendant had been convicted of two drug offenses, an attempted aggravated battery and breaking and entering — but no robberies. It is noted that all four of these prior convictions are felonies although when the defendant was asked how many times he had been previously convicted of a crime, his answer was, “Three.”

. See Walker v. State, 403 So.2d 1109, (Fla. 2d DCA 1981); Hall v. State, 400 So.2d 102 (Fla. 1st DCA 1981).

. Jones was receded from insofar as it indicates that specific crimes may not be named when a defendant denies any past convictions. Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1976).

.Note should be made of the fact that the quoted portion of the transcript surrounding counsel’s request for mistrial reflects also that the trial judge had already instructed the jury to disregard any question which went unanswered, an innovative and, as it happened, a sagacious prophylactic instruction.