647 So.2d 1018 (1994)
Ridda SOSSA, a minor, By and Through her parents and next friends, Damaris SOSSA and Freddy Sossa, and Damaris Sossa and Freddy Sossa, individually, Appellants,
v.
Marc Bryan NEWMAN, Eleanor J. Newman and Edward G. Newman, Appellees.
No. 93-3358.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
*1019 Maureen M. Matheson of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, and Gary S. Betensky of Floyd, Pearson, Richman, Greer, Weil, Brumbaugh & Russomanno, P.A., Miami, for appellants.
Richard B. Doyle, Jr. of Loughren and Doyle, P.A., Fort Lauderdale, for appellees.
GUNTHER, Judge.
Appellants, Ridda Sossa, a minor, and her parents, Damaris and Freddy Sossa, plaintiffs below, (Plaintiffs), appeal a final judgment. The final judgment, entered pursuant to a jury verdict, adjudged that Plaintiffs should recover nothing against Appellees/Defendants. Because the trial court abused its discretion in the exclusion of evidence, and because the trial court abused its discretion in allowing only a single medical record to go back to the jury, we reverse.
In this lawsuit Plaintiff Ridda Sossa, age fourteen, was a passenger in a vehicle driven by Freddy Sossa when the vehicle was struck in the rear. Prior to trial, Defendants admitted liability leaving causation and damages as the only triable issues.
We conclude the trial court erred in excluding testimony from Plaintiff Ridda's father, Damaris, that the family could not afford for Plaintiff Ridda to continue medical treatment. Throughout trial, including opening and closing statements, counsel for Defendants stressed the fact that Plaintiff Ridda never returned to any of her medical providers after being discharged from the hospital. Implicit in this line of argument is the contention that if Plaintiff Ridda did not return to the doctors, then she may not have actually been injured. In order to rebut this contention, Plaintiffs attempted to elicit testimony from Ridda's father that the reason Plaintiff Ridda did not return for further medical treatment was due to a lack of financial resources. The trial court, however, sustained defense counsel's objection on relevancy grounds.
In Florida, the general rule is that during trial no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's. Batlemento v. Dove Fountain, Inc., 593 So.2d 234, 241 (Fla. 5th DCA 1991). The reason the courts are so adamant about this rule is that jurors have a tendency to favor the poor as against the rich and, if provoked by such inflammatory evidence, *1020 the jury is likely to apply the deep pocket theory of liability. See Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 So. 235 (Fla. 1907).
In the instant case, however, Defendants repeatedly stressed the fact that Plaintiff Ridda never returned to any of her medical providers. In essence, Defendants were arguing that Plaintiff Ridda was not hurt in the instant accident otherwise she would have continued her medical treatment. Thus, by this tactic, Defendants opened the door to the issues of Plaintiffs' financial ability to continue medical treatment and Plaintiff Ridda's reason for failing to return to her doctors. See Whiteley v. OKC Corp., 719 F.2d 1051 (10th Cir.1983). Under these limited circumstances, Plaintiffs should have been able to elicit testimony from the father that the reason Plaintiff Ridda did not return to her doctors was due to the family's financial inability to pay for further medical treatment. Accordingly, the trial court erred in excluding Damaris' testimony regarding the family's inability to afford further medical treatment for Plaintiff Ridda.
The trial court also erred in allowing only one single medical record to go back to the jury. In their case in chief, Defendants presented the video-taped deposition of Dr. Routman, the Defendants' independent medical examiner. Dr. Routman's testimony revolved around the central theme that Plaintiff Ridda was a malingerer and could not have suffered the types of pain she claimed. To reinforce this idea, Dr. Routman utilized a "pain diagram." This "pain diagram" is simply a crudely drawn diagram of the human body upon which Plaintiff Ridda had personally noted the location and type of pain she experienced. Earlier, the trial court had determined that all medical records and reports were admissible, but precluded all medical records, except for the "pain diagram," from going back to the jury on the grounds they were cumulative to the testimony of the physicians. Over Plaintiffs' objection, however, the trial court allowed the "pain diagram" to go back to the jury, reasoning that it was a document created personally by Plaintiff Ridda.
Although trial courts possess broad discretion in determining the disposition of evidence, it was error to single out the "pain diagram" as the only medical record allowed in the deliberation room. There is no reasonable distinction between the "pain diagram" and any other medical record presented in this case. Allowing only the "pain diagram" in the deliberation room necessarily reinforced Dr. Routman's testimony, and thus, Defendant's contention that Plaintiffs were manufacturing a case. Cf. Phillips v. Ficarra, 618 So.2d 312 (Fla. 4th DCA 1993) (error to fail to send appellant's MRI scans to the jury after trial court advised jury that it would get all evidence; the inference that the MRI scans were not to be considered evidence would be devastating to appellant's case). In contrast, the Sossas had no medical records in the deliberation room to bolster their theory of the case. Thus, by its ruling, the trial court reinforced Defendants' theory of the case while at the same time discrediting Plaintiffs' theory. The trial court should have either allowed all medical records and reports to go back to the jury or allowed no medical records, including the "pain diagram", to go back. Accordingly, the trial court abused its discretion in allowing only the "pain diagram" to go to the jury.
In conclusion, the trial court erred in excluding Plaintiff Damaris' testimony regarding Plaintiffs' inability to afford continuing medical treatment for Plaintiff Ridda. Furthermore, the trial court erred in allowing only the "pain diagram" to go back to the jury. Therefore, this case is reversed and remanded for a new trial. All other issues raised by Plaintiffs are affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HERSEY and WARNER, JJ., concur.