993 So.2d 50 (2008)
Donald HOLLENBECK, Appellant,
v.
John Franklin HOOKS, Appellee.
No. 1D06-5504.
District Court of Appeal of Florida, First District.
August 21, 2008.
Rehearing Denied October 17, 2008.
John S. Mills and Rebecca Bowen Creed of Mills & Creed, Jacksonville; Jeffrey R. Bankston, Jacksonville Beach, for Appellant.
Arthur Hernandez of Arthur Hernandez, P.A., Jacksonville; Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellee.
THOMAS, J.
We address whether the statement of Appellee's trial counsel during voir dire of the jury requires reversal of the jury verdict. Appellee's trial counsel stated, "I'm a consumer justice attorney, and I represent John Hooks, a merchant marine, not some fancy company, not some conglomerate." We find the trial court reversibly erred in denying Appellant's motion for mistrial based on this statement.
Appellant immediately objected following this statement, asserting that Appellee's trial counsel was in fact retained by Appellee's insurer; therefore, he did represent "one of those big companies." The trial court required Appellee's trial counsel to explain the definition of a "consumer justice attorney." Counsel replied that he represented a "client who is a consumer and who is here for justice," and explained that his statement should be considered in the context of Appellant's voir dire questions regarding large verdicts and whether the venire believed in "caps."
The trial court sustained Appellant's objection, noting that courts do not tell juries about insurance companies and explaining that "we strive not to actively misrepresent *51 facts, and certainly it is true that you represent the insured. But I actually was concerned about ... playing on the sympathies of the jury for an individual as opposed to a corporation, and even a corporation would be entitled to justice in our courts." The trial court denied Appellant's motion for mistrial, finding that counsel's remark had no "visible impact on the jury." Appellant renewed his motion for mistrial before the jury was sworn and again during the questioning of one of Appellee's witnesses. After the verdict was returned, Appellant timely moved for a new trial, based in part on counsel's statement.
We review the trial court's denial of Appellant's motion for new trial under the abuse of discretion standard. Bocher v. Glass, 874 So.2d 701, 704 (Fla. 1st DCA 2004). Based on Appellee's counsel's statement, we find that the trial court abused its discretion in denying Appellant's motion for new trial.
Counsel's misleading statement implied that an award of damages would be paid solely by the individual and was nothing less than an appeal to the jury to protect that individual from a harmful verdict. See Padrino v. Resnick, 615 So.2d 698 (Fla.3d DCA 1992). As the trial court noted, a jury trial must be focused solely on the merits of the case, and it is not appropriate to appeal to a jury's sympathy; appeals to sympathy and attempts to inject a party's wealth, or lack thereof, are improper. Batlemento v. Dove Fountain, Inc., 593 So.2d 234, 242 (Fla. 5th DCA 1991); Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 So. 235 (1907). Counsel's statement did not expressly contrast Appellee's status as an individual with a corporation; nevertheless, his status was inappropriately injected into the case. See Sossa By & Through Sossa v. Newman, 647 So.2d 1018, 1019-20 (Fla. 4th DCA 1994).
As Appellant notes, counsel's statements were impossible to refute at trial. It would have been clear error for the trial court to inform the venire that, in fact, Appellee's counsel was retained by an insurance company to represent Appellee. Thompson v. Fla. Drum Co., 651 So.2d 180, 182 (Fla. 1st DCA 1995). In addition, the venire could have easily assumed that Appellee did not have insurance coverage and determined that he would unduly suffer from an award of damages.
We further agree with Appellant that the error cannot be considered harmless. Both parties diligently argued the case, and the jury at one point considered a finding of no permanent injury; while it ultimately found that Appellant suffered a permanent injury, it rejected any liability on the part of Appellee for future economic or non-economic damages, despite extensive testimony to the contrary. The harmless error statute requires that this court affirm despite the error, unless we determine that "after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." § 59.041, Fla. Stat. The result here was a miscarriage of justice, in light of the egregious nature of counsel's comment and the fact that Appellant provided evidence that his future economic damages alone will exceed $100,000. We therefore reverse and remand for a new trial. We decline to address any other issues raised, including Appellee's cross-appeal, which is now moot.
REVERSED and REMANDED.
BROWNING, C.J., concurs; KAHN, J., dissents with written opinion.
KAHN, J., dissenting.
The trial judge's denial of Mr. Hollenbeck's motions for both a mistrial and a *52 new trial were well within her broad discretion. See, e.g., Bradley v. S. Baptist Hosp. of Fla., 943 So.2d 202, 207 (Fla. 1st DCA 2006) (finding trial court did not abuse discretion in denying motion for new trial and explaining: "Appellants objected to one comment by Hospital's counsel during voir dire, and the trial court ruled that it constituted a personal attack on Appellants' attorney and immediately instructed the potential jurors to disregard the comment. Appellants also objected to three comments made during the Hospital's closing argument; the trial court sustained two of these objections and overruled one, but instructed Hospital's counsel to limit his argument, and counsel complied. We find that these four contemporaneously objected-to comments were not so pervasive and egregious as to prejudice the jury's ability to fairly assess the evidence in this case. Therefore, the trial court did not abuse its discretion when it denied Appellants' motion for new trial."); Compania Dominicana de Aviacion v. Knapp, 251 So.2d 18, 21 (Fla. 3d DCA 1971) ("[A] motion for mistrial is directed to the sound judicial discretion of the trial judge who has observed the action and its effect upon the jurors."). For that reason, I would affirm the judgment in favor of appellee Hooks.
This is not a case where the trial judge overlooked the misleading statement made by defense counsel during the jury selection. Moreover, this is not a case where one party was required to continue to raise objections to improper statements made by counsel. Cf. Bocher v. Glass, 874 So.2d 701, 704 (Fla. 1st DCA 2004). Instead, this is a case where the trial judge was completely attentive to the happenings at trial, and, on multiple occasions, examined the effect of the improper statements made by appellee's trial counsel.
In a contemporaneous comment in response to defense counsel's "consumer justice"/"fancy company" remark, noted by the majority, the trial judge observed:
I don't think that what I've heard today requires me to intervene, but I would be careful using the term "consumer justice attorney" because that's not a regular specialty and, again, it plays to the sympathies of the jury for an individual, and Mr. Bankston [plaintiff's Attorney] can't bring out the fact there's a large corporation involved....
So while the objection is sustained, there was no visible impact on the jury. I don't think they, frankly, even understand the issues that we're concerned about here [referring to the sidebar conference].
In response to appellant's motion for a new trial, the trial judge entered what can only be described as a thorough and exhaustive order. The trial judge again made her finding that "the isolated remark had had no effect on the jury." She recounted her cautionary remarks to defense counsel and observed that the voir dire continued "with no further comment of the kind here challenged." Finally, the trial judge concluded, "that, while improper, the single voir dire comment made by Defendant's counsel in introducing himself to the jury was brief, was made without particular emphasis, and elicited no visible response from the jury, and thus did not require either a mistrial or a curative instruction."
The record, as I read it, also contains some objective indications that defense counsel's comments, no matter how inappropriate, were not overly significant to the jury's consideration of the evidence as a whole. Importantly, the verdict returned by the jury here was not a defense verdict. Instead, the jury found for appellant Hollenbeck, further found that Hollenbeck *53 had sustained a permanent injury, and then awarded a substantial amount for medical expenses, and a moderate amount for past intangible damages. To be sure, the jury declined to award future expenses for medicals or intangibles. Appellant did not seek damages for lost earnings or earning capacity.
The parties presented contrasting and conflicting evidence concerning appellant's medical condition and what portion of that medical condition was attributable to the accident for which appellee was admittedly responsible. One treating physician, Dr. Rogozinski, an orthopedist, testified that the accident did not cause Mr. Hollenbeck's claimed carpal tunnel syndrome. Dr. Rogozinski was also of the opinion that Mr. Hollenbeck sustained only a lumbar sprain as a result of the accident. The jury could have thus concluded that certain medical expenses had not been reasonably related to the accident. The jury also rejected the only testimony provided as to future medical expenses. This testimony came from Dr. Sury, who provided a modality known as massage therapy. Based upon all the evidence, the jury could have well concluded appellant did not require any such treatment in the future. Lay testimony also supported the amount of the verdict and the jury's refusal to award future damages. Appellant sought no medical treatment at the scene of the accident and walked several blocks from the site to his home. A surveillance video and testimony of co-workers showed that appellant had a strenuous job that could well have been the source of his ongoing complaints of pain. Nevertheless, and despite the conflicting evidence, the jury awarded approximately seventy-five percent of the medical expenses claimed by appellant.
The jury's decision not to award future damages is best explained by an occurrence during jury deliberation. After approximately two hours of consideration, the jury returned to the courtroom with the following question: "We do not believe Mr. Hollenbeck has sustained permanent injury per question 4 [of the verdict form], but would like to award damages for inconvenience, et cetera ... please advise." After an instruction from the trial court advising the jury it must follow the instructions, the jury resumed deliberations and returned approximately nineteen minutes later with a verdict that found permanency and awarded past non-economic damages. The jury was, at best, conflicted about the gravity of Mr. Hollenbeck's injuries caused by the accident. I am simply unable to conclude that the admittedly improper statement made by defense counsel had any significant, much less determinative, effect on the jury's decision in this case.
I would also note the context of defense counsel's statement. I bring this up not to justify what defense counsel said, but to recount what had taken place in front of the jury just before defense counsel made his comment. During the jury selection process, and before defense counsel even rose to question the jury, the word "insurance" was uttered in the presence of the jury no fewer than twenty times. Some comments were initially made by the prospective jurors themselves in response to questioning by the judge. Plaintiff's counsel followed up by asking if anyone had worked for an insurance company, or if a particular juror had had anything to do with claims or settling cases. Counsel then inquired whether anyone on the venire had a family member or significant other who worked in the insurance industry. In response, various jurors mentioned State Farm, Geico, and AvMed.
Mr. Hollenbeck's counsel then asked the panel generally whether anyone owned stock in insurance companies. He further *54 asked how many persons believed that a verdict in this case might have an effect on their insurance premiums. When no juror responded one way or the other, counsel emphasized the question by asking if everyone understood it. In response to counsel's questions concerning whether any of the venire persons had been involved in lawsuits arising out of accidents, one prospective juror indicated that his wife had an automobile claim that was settled by State Farm.
Toward the end of plaintiff's jury selection questions, counsel inquired whether prospective jurors believed the Legislature should set caps on the amount of damages that people can recover in personal injury cases. One juror responded that either the Legislature or "insurance companies" should do so. Finally, plaintiff's counsel specifically questioned two jurors whether they would agree not to worry about how the verdict would be paid in this case.
Against this backdrop, defense counsel made his "consumer justice"/"fancy company" comment. Like the majority, I do not approve of these comments and, further, I agree these comments were misleading at best. Nevertheless, I am unable to see how the law would support reversal after the trial court properly sustained an objection and admonished counsel. See, e.g., Johnny Roberts, Inc. v. Owens, 168 So.2d 89, 92 (Fla. 2d DCA 1964) ("The trial judge can only rely upon his impression of the impact of such questions [involving insurance] and answers, if any, upon the prospective jurors and rule accordingly, which was done in this case.... His observation... is practically conclusive since examination of the typewritten record is at best a poor substitute for physical presence in the court room with opportunity to see, hear and observe the actual occurrence, the persons involved and their reactions, if any."); City of Niceville v. Hardy, 160 So.2d 535, 538 (Fla. 1st DCA 1964) ("[C]onsidering the entire record of the trial in the case on review, we cannot conclude that the trial court committed harmful error in denying the defendant's motion for a mistrial grounded upon the reference to insurance during the voir dire examination. We cannot say from the record that the idea of insurance was unduly stressed or that the reference had a prejudicial effect on the jurors' minds."); see also Straight v. State, 397 So.2d 903, 908-09 (Fla.1981) (affirming trial judge's denial of mistrial, after trial judge sustained objection to "highly improper" question by prosecutor, and explaining: "In light of the overwhelming evidence against appellant, we find it inconceivable that the prosecutor's improper question might have affected the verdict."); Ross v. State, 478 So.2d 480, 481 (Fla. 1st DCA 1985) (citing Straight and explaining "even a highly improper comment, by itself, is insufficient to require the granting of a mistrial"); Dunlap v. State, 404 So.2d 853, 854-55 (Fla. 2d DCA 1981) (adopting Straight and affirming denial of mistrial after "highly improper" question by prosecutor).
The case law suggests to me that the trial judge did not abuse her broad discretion. "Although our courts certainly do not condone any trial attorney's attempt to improperly inject the issue of insurance into a trial, the improper admission of such evidence does not per se warrant a mistrial or justify a reversal on appeal." S. Motor Co. of Dade County v. Accountable Constr. Co., 707 So.2d 909, 911 (Fla. 3d DCA 1998). "Thus, improper references to insurance when coupled with a timely curative instruction may render such error completely harmless." Id.; see also, e.g., Melara v. Cicione, 712 So.2d 429, 431 (Fla. 3d DCA 1998) ("[A]ppellants assign as error the denial of their motion for mistrial based upon an unsolicited reference to an insurance adjuster made by *55 one of the appellee's treating physicians. Although this issue was arguably preserved, we deem this isolated and oblique reference to an insurance adjuster in this case to be nothing more than harmless error." (footnotes omitted)); Sayad v. Alley, 508 So.2d 485, 486 (Fla. 3d DCA 1987) (affirming judgment and explaining, among other things, "the two passing references to `insurance' during the trial required at most a cautionary instruction and did not necessitate a mistrial"); Crowell v. Fink, 167 So.2d 614, 615 (Fla. 1st DCA 1964) ("Our review of the record in this case leads to the conclusion that the statement by defendant's witness on cross-examination regarding appellant's insurance company was innocently and inadvertently made. The manner in which this isolated reference to insurance was made was not likely to unfairly prejudice the minds of the jury or inflame their passions in favor of appellee. The trial judge offered to attempt an absolution of whatever harm might have been done by an admonition to the jury, but this offer was declined by appellant.").
I have a concern that trial judges, reviewing this decision, may have difficulty discerning a rule capable of uniform application in the future, under similar circumstances. I wish to join the majority, however, in leaving no doubt in the mind of any reader that counsel's comments were improper and should never be replicated by any responsible trial attorney.
Having stated my view that I would affirm the trial court's ruling with regard to defense counsel's comments, I note briefly that I would, were the question not mooted, reverse on appellee's cross-appeal concerning a proposal for settlement. The proposal here was proper under Florida Rule of Civil Procedure 1.442. It stated with particularity all relevant conditions and did not require appellant to release any claims other than those claims arising out of this particular lawsuit. Cf. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1078 (Fla.2006).