ROBERTS, J.
 

 Thomas Linzy and his employer, Erosion Stopper, Inc., the defendants below, appeal the trial court’s order granting the motion for new trial filed by Dewey and Jennifer Rayburn, husband and wife, the plaintiffs below. The defendants argue that the trial court erred in granting the motion because defense counsel’s statements during his closing argument were not improper or, in the alternative, did not rise to a level warranting a new trial. We disagree and affirm.
 

 The plaintiffs filed a complaint for negligence against the defendants for injuries arising out of a motor vehicle collision between Mr. Linzy and Mr. Rayburn. Before trial, the defendants admitted negligence, but denied that the plaintiffs suffered any damages as a result of the collision. The parties stipulated that the only issue for trial was whether the defendants’ negligence was the legal cause of damage to the plaintiffs.
 

 Both parties filed pretrial motions
 
 in limine
 
 to exclude counsel or any witnesses from making any statements concerning insurance, the financial status of either party or the defendants’ ability to pay any damages awarded. During his opening statement, defense counsel introduced Randy Crews, the owner of Erosion Stoppers, by making the following statements:
 

 I represent the defense in this case. I talked to you briefly yesterday. My client is Mr. Randy Crews, sitting over there. Mr. Crews runs a small business in Baker County called Erosion Stoppers. He does construction work where there are environmental concerns, and they go out to stop erosion.
 

 [[Image here]]
 

 Mr. Crews hasn’t tried to run away from responsibility for the accident. He hasn’t said, [“]This accident wasn’t our fault,[”] and it’s not an issue in the case because he said, [“JThis accident was our fault.[”] What we do dispute in this case is whether or not Mr. Rayburn sustained any injury as a result of that accident.
 

 [[Image here]]
 

 So I think from our standpoint, from the defense standpoint, and from Mr. Crews’ standpoint, the reward for standing up and saying, [“]Hey, we caused this accident, and it was our fault,[”] is now Mr. Rayburn wants him [Mr. Crews] to buy his entire back condition that he said has plagued him since he was a child.
 

 [[Image here]]
 

 And that’s why, ladies and gentlemen, the position of the defense will be — is that Mr. Crews is being asked to pay for something that was there.
 

 ⅜ * *
 

 So, ladies and gentlemen, I’m going to do the best I can on behalf of Mr. Crews and his small company to show you not only that the[y] are stand-up people who have accepted fault for this, but they did not cause this back injury. They did not cause his back pain.
 

 The plaintiffs did not object to any of these statements. After all evidence was
 
 *426
 
 presented, the plaintiffs filed another motion
 
 in limine
 
 to exclude defense counsel from making any statements during his
 
 dosing
 
 argument that Mr. Crews would be solely responsible for paying any damages awarded. The plaintiffs argued that the defendants were represented by an insurance company, and, as a result, any such statements would be misleading and nothing less than an appeal to the jury to protect the defendants from a harmful verdict. Defense counsel stated that he would refrain from making any such statements.
 

 During his closing argument, however, defense counsel made the following statements:
 

 And I know it’s been a long week, and I know you’ve paid careful attention, and on behalf of myself, and also on behalf of [Randy] Crews sitting over there, I thank you.
 

 [[Image here]]
 

 You know, Mr. Crews — the great thing about American justice is that it’s a two-way street. It doesn’t just work for Mr. Rayburn. He’s not the only one that deserves consideration. There’s another man sitting over there. He deserves your consideration as well.
 

 * * *
 

 This man over here, Mr. Crews, is being asked to pay for a lifetime of pain management that [Mr. Rayburn] received two separate referrals for within two weeks of this accident. Two separate doctors said, [“]You have to go to pain management^”]
 

 [Mr. Crews’] company unfortunately gets in an accident with [Mr. Rayburn], and those two other referrals don’t matter. Now it’s all you [Mr. Crews]. You pay for everything [Mr. Crews]. And you know what, that’s okay. But if you’re going to do that, then you’ve got to come prepared to tell the truth, prepared to be forthright and prepared to put up on the table the evidence that makes this man [Mr. Crews] responsible.
 

 (Emphasis added.)
 

 The plaintiffs objected after the last statement, arguing that defense counsel violated the motion
 
 in limine,
 
 and moved for a mistrial. The trial court took the motion for mistrial under advisement and admonished defense counsel. The jury ultimately returned a verdict for the defendants, specifically finding that Mr. Linzy’s negligence was not the legal cause of damage to Mr. Rayburn. The plaintiffs subsequently filed a motion for new trial based in part on defense counsel’s statements during his closing argument. Following a hearing, the trial court granted the motion.
 

 We review the trial court’s grant of the plaintiffs’ motion for new trial for abuse of discretion. In doing so, we must recognize a trial court’s broad discretion in ruling on a motion for new trial and apply the reasonableness test to determine whether the trial court abused that discretion. If we determine that reasonable persons could differ as to the propriety of the trial court’s decision, then we cannot find an abuse of discretion.
 
 See Brown v. Estate of Stuckey,
 
 749 So.2d 490, 497-98 (Fla.1999).
 

 On appeal, the defendants argue that the trial court abused its discretion in granting the motion for a new trial based on what amounted to “a slip of the tongue” by defense counsel in his closing argument and that the statements, if improper, were isolated and not repeated after defense counsel was admonished. In evaluating the effect of defense counsel’s statements during his closing argument, the statements should be viewed in the context of the trial as a whole. In light of the par
 
 *427
 
 ties’ motions
 
 m limine
 
 made before trial, defense counsel’s statements during his opening statement, and the plaintiffs’ motion
 
 in limine
 
 made during trial, defense counsel’s statements during his closing argument were improper. Despite the fact that Mr. Crews was not a named defendant in the case and that defense counsel was retained by an insurance company to represent the defendants, defense counsel repeatedly stated that Mr. Crews would be solely responsible for any award of damages. By making such statements, defense counsel misled the jury and improperly attempted to appeal to the jury’s sympathy for Mr. Crews, the small business owner he had repeatedly referred to in his opening statement, in order to protect the defendants from a harmful verdict.
 
 See Hollenbeck v. Hooks,
 
 993 So.2d 50, (Fla. 1st DCA 2008). Accordingly, we find that the trial court’s decision to grant a new trial was reasonable and, therefore, not an abuse of discretion.
 

 AFFIRMED.
 

 CLARK and WETHERELL, JJ., concur.