IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

POUL WESLEY SPRADLING,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-222

Opinion filed March 3, 2017.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Andy Thomas, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant challenges his judgment and sentence for aggravated battery with great bodily harm. Appellant raises two issues on appeal, the second of which is affirmed without further comment. Appellant initially argues that the trial court

erred by allowing improper impeachment questioning with regard to his prior criminal record. This Court agrees; however, while the trial court erred by allowing improper impeachment of Appellant, we affirm because the error was harmless.

Appellant chose to testify in his own defense at trial. Prior to Appellant taking the stand, the State indicated an intention to inquire of Appellant, "Have you ever been convicted of a felony?" When he responded in the affirmative, the State would follow with, "How many?" Assuming Appellant responded honestly, the State intended to further inquire, "Of those felonies, how many of those are crimes of dishonesty?" Defense counsel objected to the last question, but the trial court erroneously concluded that the question was proper and allowed it. The question was asked at trial, and Appellant truthfully answered that one of his six felonies was a crime of dishonesty.

Section 90.610(1), Florida Statutes (2016), provides:

A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment...

It is well settled that pursuant to section 90.610, Florida Statutes, "when a witness has been convicted of a felony, the other party may not inquire further into whether the felony involved dishonesty or false statement because doing so 'would have the impermissible and unintended effect of elevating certain felonies over

2

others.'" Atis v. State, 32 So. 3d 81, 84 (Fla. 2d DCA 2009) (quoting Bobb v. State, 647 So. 2d 881, 884 (Fla. 4th DCA 1994)). Under this rule and as addressed by the Court in Atis, 32 So. 3d at 84, when impeaching a witness, it is permissible to inquire of the witness as follows:

Counsel: Have you ever been convicted of a felony?"

Witness: Yes.

Counsel: How many times?

Counsel may inquire further as follows:

Counsel: Have you ever been convicted of a misdemeanor involving dishonesty or a false statement?

Witness: Yes.

Counsel: How many times?

Counsel may not inquire as to whether any of the admitted felonies involved dishonesty or a false statement. If the witness admits to or testifies accurately to the number of convictions, the witness may not be questioned further regarding prior convictions, nor questions as to the nature of the crimes. Gavins v. State, 587 So. 2d 487 (Fla. 1st DCA 1991). The witness may be not be impeached further with the specifics of prior convictions unless or until he provides false or inaccurate testimony regarding one of the four enumerated questions above. Furthermore, the witness may be not be confronted with the specifics of qualifying prior convictions

3

unless the questioning party has in its possession certified records of the prior convictions available for introduction into evidence. Id. at 489-90.

Although the trial court erred in allowing Appellant to be questioned regarding whether any of his prior felonies involved dishonesty or a false statement, we conclude that the error was harmless. To establish harmless error, the State must "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) (citing Chapman v. California, 386 U.S. 18, 24 (1967)). Here, Appellant admitted to six felony convictions, only one of which involved dishonesty or a false statement. In addition, Appellant's sole defense to the charges was that of self-defense. In order to prove self-defense, Appellant must establish that he reasonably believed he was in imminent danger of death or great bodily harm. Wyche v. State, 170 So. 3d 898, 905 (Fla. 3d DCA 2015). However, according to Appellant's own testimony, the victim was on a bed and remained there while Appellant went into another room to retrieve a weapon. Appellant then returned to the room where the victim remained seated and attacked him. Given the foregoing, no reasonable jury would have concluded Appellant feared imminent death or great bodily harm, even if the improper impeachment question had not been asked. Therefore, we conclude the error was harmless.

4

AFFIRMED.

B.L. THOMAS, WETHERELL, and M.K. THOMAS, JJ., CONCUR.